[No. B139055. Second Dist., Div. Five. Dec. 11, 2000.]

In re ADRIAN R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ADRIAN R., Defendant and Appellant.

**COUNSEL**

Doris S. Browning, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General,

David C. Cook and Susan S. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GRIGNON, J.**—A delinquent ward of the juvenile court committed a new offense, possession of marijuana on school grounds, for which the only authorized disposition is a fine. A Welfare and Institutions Code section 602[1] petition was filed for the new offense and found to be true. The juvenile court aggregated the minor's previous offense, possession of a concealable weapon, with the new offense under section 726 and committed the minor to camp with a maximum commitment of three years. We conclude the juvenile court properly aggregated the confinement time on the previous offense with the new offense. We conclude further the evidence is sufficient to sustain the finding of possession. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

On August 4, 1999, appellant Adrian R. was declared a ward of the juvenile court (case No. FJ022440—new) pursuant to section 602, after having been found to have been in possession of a concealable firearm. (Pen. Code, § 12101, subd. (a).) He was placed on probation. The juvenile court determined that appellant's maximum period of confinement was three years. Appellant served 30 days in custody initially and an additional 20 days on a probation violation.

On September 27, 1999, appellant was arrested on school grounds when a small marijuana cigarette was found in his pocket. On November 8, 1999, a section 602 petition was filed concerning the September 27, 1999 arrest (case No. FJ022440—active). The petition alleged appellant had violated Health and Safety Code section 11357, subdivision (e), minor in possession of marijuana on school grounds. The petition stated: "The minor is notified that the People seek to have him confined on all sustained counts of this petition, other petitions currently before the court, and all previously sustained petitions with detention time remaining." On January 10, 2000, the juvenile court sustained the allegations of the petition filed November 8, 1999, and ordered appellant to remain a ward of the court pursuant to section 602. The juvenile court found appellant's parents were incapable of providing, and had failed to provide, proper maintenance, training, and education for appellant. Appellant was removed from his parents' custody. The juvenile court elected to aggregate the period of physical confinement on the

---

[1]All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

previously·sustained petition. The juvenile court ordered appellant confined in a camp community placement for a maximum term of three years.[2]

This timely appeal followed.

## DISCUSSION

I. *Sufficiency of the Evidence*

 Appellant contends the evidence was insufficient to support the finding he possessed marijuana, in that the evidence contained uncertainties, contradictions, and discrepancies. We are not persuaded by the contention.

 " 'The test on appeal is whether substantial evidence supports the conclusion of the trier of fact, not whether the evidence proves guilt beyond a reasonable doubt. The court must view the entire record in the light most favorable to the judgment . . . to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the minor guilty beyond a reasonable doubt. In making such a determination we must view the evidence in a light most favorable to respondent and presume in support of the judgment . . . the existence of every fact the trier could reasonably deduce from the evidence. [Citations.]' " (*In re Paul C.* (1990) 221 Cal.App.3d 43, 52 [270 Cal.Rptr. 369].)

 "[E]very person under the age of 18 who possesses not more than 28.5 grams of marijuana, other than concentrated cannabis, upon the grounds of, or within, any school providing instruction in kindergarten or any of grades 1 though 12 during hours the school is open for classes or school-related programs is guilty of a misdemeanor and shall be subject to the following dispositions: [¶] (1) A fine of not more than two hundred fifty dollars ($250), upon a finding that a first offense has been committed." (Health & Saf. Code, § 11357, subd. (e).)

At trial, the dean of students at Roosevelt High School testified that, on September 27, 1999, a school day, at 9:45 in the morning, he searched appellant and found a small cigarette. One of the arresting officers testified appellant told her that the cigarette belonged to him. The cigarette weighed .5 grams and contained marijuana. This evidence is sufficient to support the findings under Health and Safety Code section 11357, subdivision (e). The uncertainties, contradictions, and discrepancies referred to by appellant were

---

[2]A pending, unrelated, probation violation was dismissed.

for the trier of fact to resolve. The appellate court does not make credibility determinations.

## II. *Camp Commitment*

 Appellant contends the camp community placement was unauthorized, since the statutorily authorized punishment for a violation of Health and Safety Code section 11357, subdivision (e) is limited to a fine of not more than $250. He argues that the camp community placement could have been authorized only as an order modifying the previous dispositional order, under section 777,[3] with a finding that the previous dispositional order had been rehabilitatively ineffective. We conclude that such a finding is not required where the prosecution proceeds with a new section 602 petition and the juvenile court elects to aggregate terms based on previously sustained petitions as permitted by section 726.[4]

"Section 777 requires the filing of a supplemental petition to change or modify a prior disposition by removing a minor from the physical custody of his parents or by placing him in more restrictive custody." (*In re Michael B.* (1980) 28 Cal.3d 548, 552 [169 Cal.Rptr. 723, 620 P.2d 173], brackets omitted.) "Before the previous dispositional order may be modified, the court must make an express finding the previous order in fact has been rehabilitatively ineffective." (*Id.* at pp. 552-553.)

---

[3]Section 777 provides in pertinent part: "An order changing or modifying a previous order by removing a minor from the physical custody of a parent . . . and directing placement in a foster home, or commitment to a private institution or commitment to a county institution, or an order changing or modifying a previous order by directing commitment to the Youth Authority shall be made only after noticed hearing upon a supplemental petition. [¶] (a) The supplemental petition . . . [¶] (1) . . . shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor."

[4]Section 726 provides in pertinent part: "In all cases wherein a minor is adjudged a ward . . . of the court [under section 602], the court may limit the control to be exercised over the ward . . . by any parent . . . , but no ward . . . shall be taken from the physical custody of a parent or guardian unless upon the hearing the court finds one of the following facts: [¶] (a) That the parent or guardian is incapable of providing or has failed or neglected to provide proper maintenance, training, and education for the minor. [¶] (b) That the minor has been tried on probation in such custody and has failed to reform. [¶] (c) That the welfare of the minor requires that custody be taken from the minor's parent . . . . [¶] In any case in which the minor is removed from the physical custody of his or her parent . . . as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court. [¶] . . . [¶] If the court elects to aggregate the period of physical confinement on multiple counts, or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the 'maximum term of imprisonment' shall be the aggregate term of imprisonment specified in subdivision (a) of Section 1170.1 of the Penal Code."

"After a new petition is sustained under section 602, on the other hand, the court may consider the juvenile's entire record before exercising its discretion at the dispositional hearing and may rely on prior sustained section 602 petitions in determining the proper disposition and maximum period of confinement." (*In re Michael B., supra,* 28 Cal.3d at p. 553, brackets omitted.) Section 726 permits the juvenile court to aggregate terms on the basis of previously sustained section 602 petitions in computing the maximum period of confinement. (28 Cal.3d at p. 553.) "Thus, section 726 authorizes the court in a section 602 proceeding to 'aggregate the period of physical confinement on multiple counts, or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602 . . . .' " (*Ibid.*) ■ Aggregation is not mandatory or automatic, but rests within the sound discretion of the juvenile court. (*In re Richard W.* (1979) 91 Cal.App.3d 960, 982 [155 Cal.Rptr. 11].)

■ "[A] section 777 petition is not the exclusive method of initiating proceedings for a change or modification of commitment. [Citation.] The juvenile court may proceed under a supplemental section 602 petition and consider prior offenses to aggregate the maximum term under section 726 if it provides adequate notice of its intention to do so and gives the minor a meaningful opportunity to rebut any derogatory material within his or her prior record." (*In re Edwardo L.* (1989) 216 Cal.App.3d 470, 478 [265 Cal.Rptr. 188].)[5] "Unlike section 777, section 726 does not require an allegation or finding of rehabilitative ineffectiveness in order to aggregate terms." (*Ibid.*) The juvenile court must make an express finding of rehabilitative ineffectiveness only if the court proceeds under section 777. (216 Cal.App.3d at p. 479.)

"Accordingly, when a minor who is already a ward of the court under section 602 commits a new criminal offense, the People can proceed against the minor by way of a section 602 proceeding. If prior sustained petitions are to be used to compute the maximum confinement time to which the minor may be subject, the People must give the minor notice in the petition of the intent to aggregate terms based on previously sustained petitions. [Citation.]

[5]Appellant argues the 1986 amendment to section 777 (Assem. Bill No. 3769 (1985-1986 Reg. Sess.) § 6), authorizing the probation officer to file a supplemental petition in cases where the minor violated a condition of probation not amounting to a crime, reflects a legislative intent that a section 777 petition must be filed whenever the new probation violation is also a violation of law. This argument is wholly unpersuasive. The purpose of the amendment was to reduce the delay occasioned by the previous procedure requiring the probation officer to request the prosecutor to file the supplemental petition. (Assem. Com. on Pub. Safety, Rep. on Assem. Bill No. 3769 (1985-1986 Reg. Sess.) Apr. 8, 1986, p. 3; Analysis of Assem. Bill No. 3769 (1985-1986 Reg. Sess.) p. 11, SFA-9.) It had no affect on the holding of *In re Michael B., supra,* 28 Cal.3d 548.

The court also must provide the minor with an opportunity to rebut any derogatory material in his prior record." (*In re Edwardo L., supra,* 216 Cal.App.3d at p. 479.) After notice and an opportunity to be heard, the juvenile court exercises its discretion to aggregate. No finding of rehabilitative ineffectiveness is required for aggregation. "[T]he crucial element is notice to the minor of *either* the court's intent to rely on the minor's prior offenses *or* on the rehabilitative ineffectiveness of prior dispositions . . . ." (*Id.* at pp. 478-479.)

Appellant argues, however, that even if the prosecution may ordinarily proceed by means of a new petition seeking aggregation with previous offenses, aggregation is unauthorized where the new offense is punishable only by fine. He argues that the essence of such a proceeding is to modify the earlier disposition rather than impose a different and more onerous disposition based on the new criminal offense. Thus, appellant concludes the sole method by which a minor may be committed to camp under such circumstances is by a supplemental petition under section 777. We are unpersuaded by this argument.

In determining the maximum period of confinement, the juvenile court may consider the minor's entire record. (*In re Michael B., supra,* 28 Cal.3d at p. 553.) As a yardstick, the most serious offense committed by the minor may be taken into account. (Cf. *In re Aaron N.* (1977) 70 Cal.App.3d 931, 939 [139 Cal.Rptr. 258].) Where a minor commits more than one offense, any offense "may serve as a measurement for [the minor's] physical confinement." (*Ibid.*) The maximum length of confinement may be measured by the most serious offense, even if the most serious offense is a previous offense. (*Id.* at pp. 939-941.)

It has long been the rule in juvenile proceedings that offenses punishable only by fines may be the basis for other dispositions. For example, time in custody may be imposed for a violation of probation where the violation is based on an offense not punishable by detention. (*In re Phillip A.* (1980) 109 Cal.App.3d 1004, 1007 [169 Cal.Rptr. 88] [possession of less than an ounce of marijuana]; *In re Mark M.* (1980) 109 Cal.App.3d 873, 876 [167 Cal.Rptr. 461] [truancy].)[6] Similarly, formal probation with appropriate conditions may be imposed with respect to an offense punishable only by a fine. (*In re Wayne J.* (1979) 97 Cal.App.3d 776, 781-783 [159 Cal.Rptr. 106] [possession of less than an ounce of marijuana].) The rationale for the rule is the

---

[6]To the extent these cases conclude a section 777 proceeding is the exclusive method of changing a juvenile's commitment, they have been implicitly overruled by *In re Michael B., supra,* 28 Cal.3d 548.

continued jurisdiction of the juvenile court over a section 602 ward and the purpose of the juvenile law to promote the welfare of the minor. This same rationale permits an offense in a new petition, which is not punishable by incarceration, to be aggregated with a previous offense, which is punishable by incarceration, resulting in a custodial commitment.

 Appellant does not contend that he may not be committed to camp as a result of his possession of marijuana on school grounds. His sole argument is that he may be committed only pursuant to section 777. However, the law is now established that section 602 and section 777 provide alternative methods of accomplishing the same end. At its discretion, the prosecution may select either method to prosecute a new offense against a minor who is a section 602 ward of the court. As the cases make clear, the important part of the procedure is notice. The minor must be informed that the current petition may be aggregated with previous petitions and be given an opportunity to address the issue of aggregation.[7]

Here, appellant was prosecuted by means of a section 602 petition. He was notified in the petition that his current offense could be aggregated with his previous offense. He was given the opportunity to, and through his counsel did, argue against aggregation and the camp commitment. Upon consideration of appellant's entire record, the juvenile court elected to aggregate. We conclude the offenses were properly aggregated and appellant was properly committed to camp. We conclude further that section 777 was not the exclusive method available in this case and the juvenile court was not required to make a finding of rehabilitative ineffectiveness prior to commitment of appellant to camp.

We hold that a current sustained petition under section 602 for an offense punishable only by a fine may be aggregated under section 726 with a

---

[7]Appellant does not argue the juvenile court abused its discretion when, after consideration of appellant's entire record, it determined to aggregate appellant's previous offense with the new offense. Appellant's record reveals a 16-year-old youth who intransigently refused to cease his delinquent conduct despite his parents' supervision, intervention by the police, probation officer, and juvenile court, and brief periods of physical confinement. Appellant had received all failing grades and unsatisfactory attendance on his last report card prior to his arrest for possession of a loaded semiautomatic weapon. He served 30 days in juvenile hall as a condition of probation of his first sustained petition. Within three weeks of his release from incarceration, he engaged in gang-related vandalism and was arrested on his school campus for possession of marijuana. One month later, he was observed after curfew in a known drug trafficking area associating with gang members. On that occasion, he gave false identification information to the police. He was detained for 20 days on a probation violation. Within six weeks of his release, he was again observed in the same drug trafficking area in the company of a gang member who was using marijuana. This resulted in probation violation proceedings that were dismissed upon the sustaining of the instant petition.

previously sustained petition for an offense subject to incarceration, resulting in the imposition of time in custody.

## DISPOSITION

The order is affirmed.

Turner, P. J., and Godoy Perez, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 14, 2001.