Filed 9/24/13  In re Derrick B. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re DERRICK B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D063437 |
| Plaintiff and Respondent, | (Super. Ct. No. J227832) |
| v. | |
| DERRICK B., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Ronald Jakob and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

Between February 2011 and June 8, 2012, Derrick B. (the Minor) admitted three petitions in the juvenile courts of Orange and San Diego Counties. When the case was returned to San Diego County and a hearing held on the Minor's various probation violations there was a dispute as to whether the Orange County juvenile court had set the maximum period of confinement for the Minor at five years two months. Whatever the source of that dispute, the San Diego County juvenile court determined the maximum confinement for all of the offenses the Minor admitted in the three separate petitions was eight years 10 months. Although the parties agree the accurate calculation of the maximum commitment for all the offenses would be eight years 10 months, the Minor appeals contending the San Diego juvenile court erred because the Orange County juvenile court had already determined, in its discretion, that the maximum that would be set for the Minor was five years two months.

Our review of the record demonstrates that the Orange County juvenile court did not set a five year two month maximum for all the offenses. Rather the record shows the Orange County judge who made that statement was only referring to the new offenses alleged and admitted in the third petition. Thus the contention raised in this appeal is without any factual basis in this record. Accordingly, we will affirm the final order entered by the San Diego County juvenile court.

FACTS AND PROCEDURAL BACKGROUND

Since the Minor does not challenge the basis of any of the true findings or the revocations of probation, we will focus this section of the opinion only on the procedural facts.

2

In December 2010, a petition alleging the Minor committed robbery (Pen. Code,[1] § 211) was filed in the San Diego juvenile court. On January 25, 2011, the Minor admitted the offense and was advised his maximum commitment would be three years.

On May 24, 2012, the Minor admitted a residential burglary (§§ 459 & 460). The Minor was advised the maximum commitment for burglary was six years and that the combined maximum at that time was seven years. The case was then transferred to Orange County.

On May 30, 2012, Orange County authorities filed a third petition alleging second degree burglary (§ 459), assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)) and battery (§ 242).

The Minor thereafter admitted the May 30, 2012 petition. With regard to the third petition (May 30, 2012), the court advised the Minor that the charges in the third petition had "an exposure of an additional five years and two months."

In November 2012, the Orange County probation department filed a notice that the Minor had violated the terms of his probation. In December 2012, the Minor admitted the alleged violations of probation. The case was then transferred to San Diego County.

In February 2013, the San Diego County juvenile court held a disposition hearing on the probation violations. The court determined the maximum confinement period for all of the offenses admitted in the three petitions was eight years 10 months.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

DISCUSSION

The Minor contends the court erred in February 2013, when it declared the accumulated maximum confinement for the offenses admitted by the Minor in three separate petitions was eight years 10 months. The Minor does not contend the calculation is inaccurate given the offenses admitted. Instead, he contends the Orange County juvenile court in June 2012, already declared the maximum to be five years and two months. Thus the later order should be found invalid. In the alternative, the Minor contends the February 2013 order should be reversed because the juvenile court did not specifically articulate that it was exercising its discretion and recognize it could set a lower maximum confinement period. Neither contention has any merit.

When a juvenile court sustains a petition alleging criminal offenses and declares the minor to be a ward of the court, the court must specify the maximum confinement term. In doing so the court may set the term at the maximum an adult would receive for the offenses or exercise its discretion and set a lower term. (Welf. & Inst. Code, §§ 726; Pen. Code, § 1170.1; *In re David H.* (2003) 106 Cal.App.4th 1131, 1133; *In re Adrian R.* (2000) 85 Cal.App.4th 448, 454; *In re Deborah C*. (1981) 30 Cal.3d 125, 140.)

The court in *In re Julian R*. (2009) 47 Cal.4th 487, addressed the responsibility of juvenile courts to set a maximum term of confinement in appropriate cases and also recognized the authority of the juvenile courts under Welfare and Institutions Code section 731 to take into account the facts and circumstances of the case in setting a maximum term. (*Julian R., supra,* at pp. 495-498.) The court also recognized that juvenile courts are presumed to correctly apply the law and that there is no statutory duty

4

for the court to articulate on the record that the court is aware of its authority to set a lower term in light of the facts and circumstances of the case. (*Id.* at p. 498)

The record in this case reveals the Orange County juvenile court in June 2012, did not set a maximum term for the aggregate number of offenses found true in all three petitions. The transcript of that proceeding is very clear that the court was only referring to the offenses alleged in the third petition. The court specifically advised the Minor that admitting the offenses alleged in the third petition may subject him to the "additional exposure" of five years two months. That reading is corroborated by the change of plea form which the Minor signed that day. That form lists three offenses with the potential term for each. The total of the term for the three new offenses was five years two months. Respectfully, there is no other rational reading of the record in this case. Plainly, the Orange County juvenile court made no attempt to set a maximum confinement period for the accumulated offenses in all three petitions.

Obviously, there was some confusion when the case was returned to San Diego County, because defense counsel argued that there had been a prior setting of a maximum term. The record on review clearly demonstrates there had not been a judicial determination of a five year two month maximum term prior to the return of the case to San Diego County. Thus, there was no impediment to the court's decision in February 2013 to accurately set the maximum term at eight years 10 months. Although it is understandable the parties and the court following transfer from Orange County might have been confused, we cannot understand how appellate counsel for the Minor could

5

have read the record and believed the June 2012 action set an aggregate maximum.  In any event the record is clear it did not do so.

Finally, the Minor argues the court in February 2013, had a duty to articulate awareness of the power to consider the facts and circumstances and exercise its discretion to impose a lower term.  We will follow the direction of the court in *In re Julian R., supra*, 47 Cal.4th 487, and presume the court was fully aware of its discretion and nothing in the record supports a contrary assumption.  Thus we will reject the Minor's arguments to the contrary.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


NARES, J.


6