Filed 7/25/14  In re Guillermo M. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re Guillermo M., a Person Coming Under the Juvenile Court Law. | H040532<br>(Santa Clara County<br> Super. Ct. No. JV39871) |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>          v.<br><br>Guillermo M.,<br><br>      Defendant and Appellant. | |

Four separate petitions (Petitions A through D) were filed between February and December 2013[1] alleging that Guillermo M., a minor (17 years old at the time of the last petition's filing), came within the provisions of Welfare and Institutions Code section 602.  The four petitions charged the minor with conduct that would have constituted felonies or misdemeanors if committed by an adult, namely, possession of a firearm capable of being concealed on the person, a misdemeanor (Pen. Code, § 29610);[2] carrying a loaded firearm on his person and in a vehicle, a felony (§ 25850, subd. (a); two counts); first degree burglary, a felony (§§ 459-460, subd. (a)); second degree burglary, a

---

[1] All dates referred to hereinafter are 2013 unless otherwise stated.

[2] All further statutory references are to the Penal Code unless otherwise stated.

felony (§§ 459-460, subd. (b); two counts)); carrying a concealed firearm, a felony (§ 25400, subd. (a)(2)); and resisting, delaying, or obstructing a peace officer, a misdemeanor (§ 148, subd. (a)(1)). After the court sustained the allegations of the fourth petition in December, it ordered the minor continued as a ward of the court; removed him from the custody and care of his parents; adjudged that the maximum time of confinement was nine years; and granted probation subject to a number of terms and conditions.

On appeal, the minor asserts that the court erred by including two separate terms for the firearm offenses that were charged in the fourth petition to establish the maximum term of confinement at nine years. He contends that the two offenses were based upon the same act; therefore, one of the two terms should have been stayed pursuant to section 654.

We conclude—noting that the Attorney General concedes error—that the minor's claim has merit. We will accordingly direct that the dispositional order be modified to state that the maximum term of confinement is eight years, four months, and we will affirm the order as modified.

FACTS[3]

I. *Facts Underlying Petition A (Filed February 19, 2013)*

At 11:10 p.m. on February 14, San José Police officers assigned to a gang suppression unit stopped a vehicle driven by the minor after observing an illegal pass made at a high rate of speed. After the minor complied with the officer's request that he exit the car, the officer asked the minor if he was in possession of any weapons. The minor responded that he had a gun inside the car and gave the officer permission to

---

[3] The facts are taken from a "Deferred Entry of Judgment Suitability Report" prepared by the Santa Clara County Probation Department.

retrieve it.  The officer located a loaded .32-caliber revolver in the center console of the car.

II.      *Facts Underlying Petition B (Filed April 24, 2013)*

On February 8, a residential burglary occurred at 4689 Ventura Avenue in San José.  Police officers were able to lift latent fingerprints from a window frame at the residence and on a box cutter located in the victim's car.  The minor was identified through a fingerprint analysis.  The minor later admitted to police that he had committed the burglary because he needed money.

III.      *Facts Underlying Petition C (Filed June 27, 2013)*

At 11:21 p.m. on June 26, San José Police officers responded to a radio call that a silent alarm had sounded at two San José businesses, a cannabis shop and a beauty salon, located at 2348 and 2350 Alum Rock Avenue, respectively.  The officers observed a juvenile, C.G., who was believed to be the minor's coparticipant, exiting, reentering, and again exiting the cannabis shop.  C.G. was taken into custody.  The officers then searched the businesses and located the minor and an adult coparticipant, Lucas Juarez, inside the beauty salon.  The officers reported that the minor and Juarez had "ransacked the cash register area of the beauty salon."  They also reported that ceiling tiles had been ripped apart in the cannabis shop, marijuana was on the floor, " 'and the register was vandalized[,] with money on the ground.' "

IV.      *Facts Underlying Petition D (Filed December 5, 2013)*

At 6:30 p.m. on December 3, San José Police officers stopped a vehicle driven by the minor after observing that the car had a visual obstruction hanging from the rear-view mirror.  One of the officers recognized the minor, who immediately fled the scene.  One of the officers then observed the minor "pull an object from his waistband which appeared to have a silver colored handle," which the officer believed to be a firearm.  After a search of the area with a K9 unit, both the minor and the firearm were located.

PROCEDURAL BACKGROUND

On February 19, the Santa Clara County District Attorney filed Petition A. The People charged the minor with conduct that if committed by an adult would be two separate crimes, namely, possession of a firearm capable of being concealed on the person, a misdemeanor (§ 29610; Count 1), and carrying a loaded firearm on his person and in a vehicle, a felony (§ 25850, subd. (a); Count 2). Both charged offenses related to the late-night vehicle stop that occurred on February 14. On March 6, the minor admitted the second count, the court dismissed Count 1, and the court sustained Petition A, as amended. On March 19, the court declared the minor a ward of the court; adjudged that the maximum time of confinement was three years; and granted probation subject to a number of terms and conditions, including that the minor serve 60 days through the Electronic Monitoring Program (EMP).[4]

On April 24, the Santa Clara County District Attorney filed Petition B. The People charged the minor with conduct that if committed by an adult would be a crime, namely, first degree burglary, a felony (§§ 459-460, subd. (a)). A bench warrant for the minor's arrest later issued as a result of his failure to appear for a pretrial hearing. The bench warrant was later recalled.

On June 27, the Santa Clara County District Attorney filed Petition C. The People charged the minor with conduct that if committed by an adult would be two separate crimes, namely, two counts of second degree burglary, a felony (§§ 459-460, subd. (b)). Both charged offenses related to the late-night burglaries of two businesses located on Alum Rock Avenue that occurred on June 26.

---

[4] There is a conflict in the record. The order of probation indicated that the minor was to serve 90 days through the EMP. But the formal document captioned "delinquency court proceeding findings and orders" (capitalization omitted) identified the number of days to be served through EMP was 60.

On July 12, the minor admitted the conduct alleged in Petition B and Count 1 of Petition C. The court dismissed Count 2 in Petition C, sustained Petition B, and sustained Petition C, as amended. On July 25, the court continued the minor as a ward of the court; adjudged that the maximum time of confinement was seven years, four months; and continued probation upon various terms and conditions, including that the minor serve 30 days under the Community Release Program (CRP). At a later hearing, the court ordered that the minor pay restitution of $2,000 to the cannabis shop.

On December 5, the Santa Clara County District Attorney filed Petition D. The People charged the minor with conduct that if committed by an adult would be two separate crimes, namely, carrying a concealed firearm, a felony (§ 25400, subd. (a)(2); Count 1); carrying a loaded firearm on his person and in a vehicle, a felony (§ 25850, subd. (a); Count 2); and resisting, delaying, or obstructing a peace officer, a misdemeanor (§ 148, subd. (a)(1); Count 3). All three charged offenses related to the traffic stop occurring on December 3 in which the minor fled the scene. On December 6, the minor admitted the conduct alleged in the three counts, and the court sustained Petition D. On December 20, the court ordered the minor continued as a ward of the court and that he continue to be detained; adjudged that the maximum time of confinement was nine years; and granted probation subject to a number of terms and conditions, including that he be committed for six to eight months in the County Juvenile Rehabilitation Facilities-Enhanced Ranch Program.

The minor filed a timely notice of appeal from the December 20 dispositional order.

## DISCUSSION

I.    *The Maximum Term of Confinement Should Not Have Included Both*
      *Firearm Counts Alleged in Petition D*

A juvenile court must specify the maximum term of confinement—i.e., the maximum term of imprisonment that an adult would receive for the offense—when it

sustains the allegations of a petition that results in an order of wardship that removes a youth from the physical custody of his parent or custodian.  (Welf. & Inst. Code, § 726.)[5] Under section 726 of the Welfare and Institutions Code, the juvenile court is vested with discretion to aggregate multiple counts as well as previously sustained petitions to compute the maximum term of confinement.  (*In re Adrian R.* (2000) 85 Cal.App.4th 448, 454.)  In doing so, the court uses the formula specified in section 1170.1, subdivision (d), namely, fixing the "principal term" as the longest term imposed for any of the offenses, and adding to it the subordinate term (one-third of the middle term for each offense sentenced consecutively.  (§ 1170.1, subd. (a); see *In re Eric J.* (1979) 25 Cal.3d 522, 536.)  When it aggregates subordinate misdemeanors, the court uses one-third of the maximum sentence of each misdemeanor to determine the maximum term of confinement.  (*In re Eric J.,* at pp. 537-538.)

In this instance, the parties agree that the juvenile court aggregated all counts that were sustained in Petition D and in the previous three petitions to arrive at the maximum term of confinement in its December 20 dispositional order.  In arriving at the nine-year maximum term of confinement, the court set the principal term at six years, based upon

---

[5] "If the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court.  [¶] . . .[¶] If the court elects to aggregate the period of physical confinement on multiple counts or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602, the 'maximum term of imprisonment' shall be the aggregate term of imprisonment specified in subdivision (a) of Section 1170.1 of the Penal Code, which includes any additional term imposed pursuant to Section 667, 667.5, 667.6, or 12022.1 of the Penal Code, and Section 11370.2 of the Health and Safety Code.  [¶] If the charged offense is a misdemeanor or a felony not included within the scope of Section 1170 of the Penal Code, the 'maximum term of imprisonment' is the longest term of imprisonment prescribed by law."  (Welf. & Inst. Code, § 726, subd. (d).)

the upper term of the first degree burglary count in Petition B. (See § 461, subd. (a).) To this principal term, the court added eight-month subordinate terms (one-third of the two-year middle term) for the four felony counts alleged in the other sustained petitions: carrying a loaded firearm (§ 25280, subd. (a); Petition A); second degree burglary (§§ 459-460, subd. (b)); Petition C); carrying a concealed firearm (§ 25400, subd. (a)(2); Petition D, Count 1); and carrying a loaded firearm on his person and in a vehicle (25850, subd. (a); Petition D, Count 2). And it aggregated a four-month subordinate term for the misdemeanor count of resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1); Petition D, Count 3).

The minor argues that the court erred by including both of the firearm counts from Petition D in determining the maximum term of confinement. He contends that under section 654, the court was prohibited from imposing multiple punishments for the two firearm offenses in Petition D because they arose out of a single act or an indivisible course of conduct. He argues that the charges of carrying a concealed firearm (Count 1), and carrying a loaded firearm (Count 2) "transpired on a single occasion and thereby, were committed during the same act: minor's possession of the gun on December 3, 2013[,] when the police stopped him while driving his vehicle." The minor asserts that the court should have stayed one of the firearm offenses under section 654, and that the correct calculation of the maximum term of confinement is therefore eight years, four months.[6]

---

[6] Although the minor did not object below to the court's calculation of the maximum term of confinement, he did not forfeit the challenge. A court acts in excess of its jurisdiction and imposes an unauthorized sentence when it imposes multiple punishments in violation of section 654; the failure to object under these circumstances does not result in the appellate challenge being forfeited. (*People v. Le* (2006) 136 Cal.App.4th 925, 931.)

The Attorney General concedes the error. For the reasons below, we accept the Attorney General's concession.

Section 654, subdivision (a) provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one . . . ." The statute thus "precludes multiple punishment for a single act or omission, or an indivisible course of conduct. [Citations.] If, for example, a defendant suffers two convictions, punishment for one of which is precluded by section 654, that section requires the sentence for one conviction to be imposed, and the other imposed and then stayed. [Citation.] Section 654 does not allow any multiple punishment, including either concurrent or consecutive sentences. [Citation.]" (*People v. Deloza* (1998) 18 Cal.4th 585, 591-592.) The purpose of section 654 "is . . . to ensure that punishment is commensurate with a defendant's criminal culpability. [Citations.]" (*People v. Alvarado* (2001) 87 Cal.App.4th 178, 196.)

In *People v. Jones* (2012) 54 Cal.4th 350, 352 (*Jones*), the California Supreme Court addressed whether the defendant could be "punished separately for the crimes of possession of a firearm by a felon, carrying a readily accessible concealed and unregistered firearm, and carrying an unregistered loaded firearm in public." The defendant had been found with a loaded .38-caliber revolver in his car that was not registered to him. (*Ibid.*) The defendant had purchased the gun three days earlier " 'for protection,' " and he had kept the gun at his grandmother's house before that day. (*Ibid.*) The court held that multiple punishment for the firearm offenses was prohibited under section 654, concluding that "a single possession or carrying of a single firearm on a single occasion may be punished only once under section 654." (*Id.* at p. 357.) The court reasoned that the case had to be "decided on the basis that it involves a single act or omission that can be punished but once." (*Id.* at p. 360.)

We agree, as urged by the minor, that *Jones* is controlling. There is nothing in the record to suggest that the two firearm offenses charged in Petition D involved separate or different acts. Both charges—carrying a concealed firearm and carrying a loaded firearm—involved possession of the same firearm on the same occasion when the minor was stopped by police on the evening of December 3. It was therefore error under section 654 for the court to have used both offenses in calculating the maximum term of confinement. We will order that the dispositional order be modified to state that the maximum term of confinement is eight years, four months, and will affirm the order as modified.

## DISPOSITION

The dispositional order of December 20, is ordered modified to state that the maximum term of confinement is eight years, four months. As so modified, the order is affirmed.

Márquez, J.

WE CONCUR:

Bamattre-Manoukian, Acting P.J.

Grover, J.