Filed 3/26/15  In re Anthony M. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ANTHONY M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F069205 |
| Plaintiff and Respondent, | (Super. Ct. No. 12CEJ600057) |
| v. | |
| ANTHONY M., | **OPINION** |
| Defendant and Appellant. | |

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  James A. Kelley, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Levy, Acting P.J., Cornell, J. and Peña, J.

The court adjudged appellant Anthony M. a ward of the court (Welf. & Inst. Code, § 602) after he admitted allegations charging him with carjacking (Pen. Code,[1] § 215, subd. (a)) and second degree robbery (§ 211) and a personal use of a firearm enhancement with respect to each offense (§ 12022.53, subd. (b)).

On appeal, Anthony contends the court erred in calculating his maximum term of physical confinement (MTPC). We find merit to this contention and modify Anthony's MTPC. In all other respects, we affirm.

## FACTS

On October 21, 2013, at approximately 12:01 a.m., Anthony approached a woman after she parked her car in a parking stall and took her car keys at gunpoint. Although Anthony was able to start the car, he was not able to get it to move when he pressed the gas pedal. He then exited the car and walked away with the woman's keys (count 6).

On December 3, 2013, at approximately 11:29 p.m., Naree Thong reported that after she drove up to her residence and opened her car door a white male suspect asked her what time it was. Thong told him the time and the male produced a handgun, "cracked the slide," and ordered her out of the car. Per the male's instructions, Thong left her car keys, purse, and cell phone in the car and the male drove off in it.

An officer soon located Thong's car. After a short pursuit, the driver abandoned the car and fled on foot but was eventually apprehended. Meanwhile, another suspect drove off in the car. Officers were later able to identify Anthony as the second person who drove off in the car, and it was located near his house. During a warrant search of Anthony's bedroom, officers found Thong's cell phone and an unloaded, semiautomatic handgun. Anthony was interviewed and admitted his involvement in the hijacking of Thong's car and in the earlier attempted hijacking.

On January 6, 2014, the district attorney filed a first amended petition charging Anthony with carjacking (count 1/§ 215, subd. (a)), attempted second degree robbery

---

[1]Further statutory references are to the Penal Code.

2.

(count 4/§§ 664, 211), and two counts each of second degree robbery (counts 2 & 6/§ 211), and attempted carjacking (counts 3 & 5/§§ 664, 215, subd. (a)). All the counts except count 5 alleged a personal use of a firearm enhancement (§ 12022.53, subd. (b)).

On January 27, 2014, Anthony entered his plea in this matter.

On February 26, 2014, the court set appellant's MTPC at 30 years 8 months and committed him to the Department of Corrections and Rehabilitation, Division of Juvenile Justice.

## DISCUSSION

Anthony contends the court should have imposed an MTPC of only 23 years 4 months and it erred when it imposed an MTPC of 30 years 8 months. Respondent concedes and we agree.

> "When a juvenile court sustains criminal violations resulting in an order of wardship [citation], and removes a youth from the physical custody of his parent or custodian, it must specify the maximum confinement term, i.e., the maximum term of imprisonment an adult would receive for the same offense. [Citation.] Welfare and Institutions Code section 726 permits the juvenile court, in its discretion, to aggregate terms, both on the basis of multiple counts, and on previously sustained section 602 petitions in computing the maximum confinement term. [Citations.] When aggregating multiple counts and previously sustained petitions, the maximum confinement term is calculated by adding the upper term for the principal offense, plus one-third of the middle term for each of the remaining subordinate felonies or misdemeanors. [Citations.]" (*In re David H.* (2003) 106 Cal.App.4th 1131, 1133-1134.)

Additionally, section 1170.1, subdivision (a), in pertinent part, provides that "[t]he subordinate term for each consecutive offense … shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses."

The probation department calculated an MTPC of 32 years, consisting of the aggravated term of nine years on Anthony's carjacking adjudication, a 10-year firearm enhancement for that offense, a one-year term on Anthony's robbery adjudication (one-third the middle term of three years), a 10-year arming enhancement for that offense, a 16-month term (one-third the middle term of four years) on a first degree burglary

3.

adjudication from a prior petition, and an eight-month term for a vehicle theft offense from a prior petition.

At the disposition hearing the prosecutor conceded the instant petition improperly included terms aggregated from prior petitions because the instant petition did not disclose an intent to aggregate. (*In re Adrian R.* (2000) 85 Cal.App.4th 448, 454 ["'If prior sustained petitions are to be used to compute the maximum confinement time to which the minor may be subject, the People must give the minor notice in the petition of the intent to aggregate terms based on previously sustained petitions'"].) The court then recalculated Anthony's MTPC at 30 years 8 months, which eliminated the subordinate term for the burglary offense from a prior petition but erroneously included an eight-month term for the auto theft offense from the prior petition. Since the robbery term was a subordinate term, the court also erred by including a full, 10-year firearm enhancement in that count rather than one-third of this amount as required by Penal Code section 1170.1, subdivision (a). Thus, the court should have set Anthony's maximum term of physical confinement at 23 years 4 months calculated as follows: the aggravated term of nine years for Anthony's carjacking conviction, a 10-year term for the firearm enhancement that applied to that offense, a one-year term for Anthony's robbery adjudication (one-third the middle term of three years), and a term of three years four months (one-third the enhancement term of 10 years) on the firearm enhancement that applied to that offense (9 years + 10 years + 1 year + 3 years 4 months = 23 years 4 months). We will modify the judgment accordingly.

## DISPOSITION

The judgment is modified to reduce Anthony's MTPC from 30 years 8 months to 23 years 4 months as calculated above. The juvenile court is directed to file an amended commitment order consistent with this opinion and forward a certified copy to the Department of Corrections and Rehabilitation, Division of Juvenile Justice. As modified, the judgment is affirmed.

4.