Filed 9/9/20  In re T.P. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re T.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>T.P.,<br><br>        Defendant and Appellant. | A158633<br><br>(Contra Costa County<br>Super. Ct. No. J1400871) |

**MEMORANDUM OPINION[1]**

T.P. appeals from the juvenile court's disposition order committing her to juvenile hall for a maximum confinement term of two years and 327 days. T.P. contends, and the People agree, that the juvenile court miscalculated her maximum confinement term and custody credits.  We conclude the juvenile court erred and will modify the disposition order.

---

[1]     We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.  We therefore recite the facts only as necessary to resolve the issues on appeal.

1

## FACTUAL AND PROCEDURAL BACKGROUND

After T.P.'s arrest in Sacramento County on November 23, 2016, the Sacramento County District Attorney filed a juvenile wardship petition under Welfare and Institutions Code section 602, subdivision (a),[2] alleging that T.P. had committed felony assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); count one), three counts of felony vandalism (Pen. Code, § 594, subd. (b)(1); counts two through four), and two counts of misdemeanor battery (Pen. Code, § 242; counts five and six). T.P. admitted counts two and six, and the juvenile court dismissed the remaining counts. The matter was transferred to Contra Costa County, and on September 14, 2017, the Contra Costa juvenile court ordered wardship over T.P. with no termination date and committed her to juvenile hall to participate in the "Girls in Motion" program.

In October 2017, the probation department filed a notice of probation violation, and T.P. admitted the violation. In November 2017, the juvenile court ordered T.P. to return to juvenile hall for completion of the Girls in Motion program. In April 2018, following T.P.'s completion of the institutional component of Girls in Motion, the juvenile court set aside its prior commitment order and ordered the probation department to find a placement for T.P. On May 3, 2018, T.P. was released to placement at Children's Home of Stockton.

On July 25, 2018, T.P. was arrested in San Joaquin County, and the San Joaquin County District Attorney filed a juvenile wardship petition alleging that T.P. had committed one count of misdemeanor vandalism (Pen. Code, § 594, subd. (b)(2)(A); count one) and two counts of misdemeanor

---

[2]     Further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4); counts two and three). Counts two and three were later amended to allege violations of misdemeanor battery (Pen. Code, § 242). T.P. admitted the counts in the amended petition, and the juvenile court ordered the matter to be transferred back to Contra Costa County. On September 4, 2018, the Contra Costa County juvenile court continued its April 2018 placement order. On September 25, 2018, T.P. was released to placement at Keep Youth Journeying Onward.

In December 2018, the probation department filed a notice of probation violation by T.P. She was arrested on December 3, 2018. T.P. admitted the violation, and the juvenile court continued its April 2018 placement order. On January 10, 2019, T.P. was placed at Keep Youth Journeying Onward.

In April 2019, the probation department filed another notice of probation violation by T.P., and she was arrested on April 16, 2019, and later admitted the violation. The juvenile court continued its April 2018 placement order, and T.P. was placed on home supervision on May 2, 2019.

In June 2019, the probation department filed another notice of probation violation by T.P., and she was arrested on June 16, 2019. T.P. admitted the violation, and the juvenile court continued its April 2018 placement order. T.P. was returned to placement at Koinonia Youth on August 27, 2019.

On September 19, 2019, T.P. was arrested again, and the probation department filed a probation violation notice. T.P. admitted the violation. At the October 10, 2019, disposition hearing, the juvenile court set aside its prior placement order and committed T.P. to juvenile hall to participate in the Girls in Motion program. The court calculated T.P.'s maximum term of confinement as two years and 327 days.

3

T.P. timely appealed.

**DISCUSSION**

T.P. argues, and the People agree, that the juvenile court miscalculated the maximum term of confinement as two years and 327 days, when in fact, it was two years and 205 days. We likewise agree.

**A. Maximum Confinement Term**

When a juvenile court removes a minor from the custody of her parent or custodian, the order of wardship must specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment that could be imposed on an adult convicted of the same offense or offenses. (§ 726, subd. (d)(1).) "Section 726 permits the juvenile court to aggregate terms on the basis of previously sustained section 602 petitions in computing the maximum period of confinement." (*In re Adrian R.* (2000) 85 Cal.App.4th 448, 454.) Here, the sustained counts in the two petitions against T.P. were one count of felony vandalism, one count of misdemeanor vandalism, and three counts of misdemeanor battery.

When aggregating counts and previously sustained petitions, the maximum term is calculated by adding the upper term for the principal offense (which is the longest term of imprisonment for any of the offenses), and one third of the middle term of all remaining subordinate felonies or misdemeanors. (§ 726, subd. (d)(3); Pen. Code, § 1170.1, subd. (a); *In re Deborah C.* (1981) 30 Cal.3d 125, 140.) Here, the upper term for the principal offense of felony vandalism is three years. (Pen. Code, §§ 594, subd. (b)(1), 1170, subd. (h)(2).) The middle term for the subordinate count of misdemeanor vandalism is one year, one-third of which is four months. (Pen. Code, § 594, subd. (b)(2)(A).) The middle term for the subordinate count of misdemeanor battery is six months, one-third of which is two months. (Pen.

4

Code, § 243, subd. (a).)  Thus, T.P.'s maximum term of confinement, aggregated across her two petitions, totaled three years and ten months.

**B. Custody Credits**

Minors are entitled to credit for days they are in custody prior to the resolution of the charges against them.  (*In re Eric J.* (1979) 25 Cal.3d 522, 536.)  "[W]hen a juvenile court elects to aggregate a minor's period of physical confinement on multiple petitions . . . , the court must also aggregate the predisposition custody credits attributable to those multiple petitions."  (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067.)  A defendant is entitled to actual custody credit for "all days of custody" before sentencing (Pen. Code, § 2900.5, subd. (a)), "including partial days" (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48).  "Calculation of custody credit begins on the day of arrest and continues through the day of sentencing."  (*Ibid.*)

As of the October 10, 2019, disposition order, T.P. was entitled to a total of **460 days** of custody credits, calculated as follows:  **eight days** from her arrest on November 23, 2016, through her release on November 30, 2016; **seven days** from her detention on September 8, 2017, through the disposition hearing on September 14, 2017; **231 days** from her commitment to the Girls in Motion program on September 15, 2017, through her release to placement on May 3, 2018; **63 days** from her arrest on July 25, 2018, through her release to placement on September 25, 2018; **39 days** from her arrest on December 3, 2018, through her release to placement on January 10, 2019; **17 days** from her detention on April 16, 2019, through her release to home supervision on May 2, 2019; **73 days** from her arrest on June 16, 2019, through her release to placement on August 27, 2019; and **22 days** from her arrest on September 19, 2019, through the disposition hearing on October 10, 2019.

When these 460 days of custody credits are applied to T.P.'s aggregated maximum confinement of three years and 10 months, her remaining maximum term of confinement is two years and 205 days.

## DISPOSITION

The October 10, 2019, disposition order is modified to state that T.P.'s maximum term of confinement is two years and 205 days. As modified, the order is affirmed.

_____

FUJISAKI, ACTING PJ.

We concur.

_____

PETROU, J.

_____

JACKSON, J.

(A158633)

7