Filed 6/20/23  In re Geovani H. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re GEOVANI H., a Person Coming Under the Juvenile Court Law. | D081100 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J244069) |
| v. | |
| GEOVANI H., | |
| Defendant and Appellant. | |

APPEAL from order of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed in part, reversed in part and remanded with directions.

Deanna L. Lopas, by appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Arlene A. Sevidal and Eric Tran, Deputy Attorneys General, for Plaintiff and Respondent.


Geovani H. was charged with four criminal offenses in two juvenile wardship petitions filed pursuant to Welfare and Institutions Code section

602. He admitted to two separate charges of assault by means of force likely to produce great bodily injuries (GBI); the remaining charges were dismissed. At a settlement conference, the juvenile court stated that his maximum aggregate term of confinement was nine years. At the disposition hearing, the court gave him credit for 61 days of predisposition custody credits.

On appeal, Geovani contends—and the Attorney General concedes—the juvenile court erred in its statement of his maximum aggregate term of confinement and also erred, subsequently, in miscalculating his custody credits. We agree and remand for the court to reassess the maximum aggregate period of confinement and the actual custody credits. In all other respects, the order is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 5, 2021, Geovani and his friends attacked the victim in a Wendy's restaurant as part of an altercation arising from "gang bad blood." Neither Geovani nor the victim were gang members. On November 18, Geovani was taken into custody.

Later that month, the San Diego County District Attorney filed a wardship petition (Welf. & Inst. Code, § 602, subd. (a)) charging Geovani with criminal mayhem (Pen. Code,[1] § 205, count 1) and willful, deliberate, and premeditated attempted murder (§§ 664, 187, subd. (a), count 2). Three months later, the district attorney amended the petition to add a charge of assault by means of force likely to produce GBI (§ 245, subd. (a)(4), count 3) and to allege that Geovani committed the assault for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)).

---

[1] Undesignated statutory citations are to the Penal Code.

2

At a readiness hearing on February 15, 2022, Geovani admitted to count 3 and the accompanying gang enhancement allegation. The juvenile court sustained the wardship petition and dismissed the remaining charges.

On March 2, 2022, at the subsequent disposition hearing, the juvenile court declared Geovani a ward of the court and committed him to the San Diego County Probation Healing Opportunities for Personal Empowerment (HOPE) program for a term not to exceed 480 days.

In June 2022, some of the minors in the HOPE program engaged in a fight. Geovani joined the fight and assaulted other minors. A month later, the District Attorney filed a second wardship petition, alleging one count of assault with force likely to produce GBI (§ 245, subd. (a)(4)).

On August 15, 2022, at a settlement conference on the new charges, Geovani admitted to the second assault. In taking his admission, the court stated:

> "Do you understand the maximum punishment you can receive as a result of the admission is nine years in custody. Do you understand that? That's this case plus the other time you have on the books, do you understand that?"

The minute order for the settlement conference noted that "[t]he minor is advised the overall maximum term of confinement is [nine] years."

On August 25, 2022, the Probation Office filed its social study for Geovani's disposition hearing, noting that the maximum term of confinement was nine years and the credits were "61 [days]." On August 26, 2022, apparently at the request of the court, the probation officer filed "Alternate Recs" for use at the disposition hearing, with a recommended finding that "[w]ard is given credit for time served in the amount of 61 days." On August 29, 2022, at the disposition hearing on the second petition, the court

committed Geovani to the Secure Youth Treatment Facility, and stated, "[t]he Ward is given credit for 61 days." Geovani appealed.

DISCUSSION

Geovani contends the juvenile court misstated his maximum aggregate term of confinement as nine years, instead of seven. Separately, he contends that he should have been credited for custody credits in excess of the 61 days awarded. The Attorney General concedes remand is appropriate to correct the errors.

A. Maximum Term of Confinement

Whenever a minor is named a ward of the court and removed from the custody of the parent or guardian, the juvenile court must set a maximum term of confinement that does not exceed the middle term of imprisonment that could be imposed on an adult convicted of the same offense. (Welf. & Inst. Code, §§ 726, subd. (d)(1), 731, subd. (b).) In doing so, the court may aggregate terms for prior offenses in the manner set out in section 1170.1 for adults. (Welf. & Inst. Code, § 726, subd. (d)(3); *In re Adrian R.* (2000) 85 Cal.App.4th 448, 454.) Under that section, the court must first set a "principal term"[2] and then add any "subordinate terms," which are to be set at one-third of the middle term of imprisonment prescribed for each offense. (§ 1170.1, subd. (a); *In re Ernesto L.* (2022) 81 Cal.App.5th 31, 39.)

As relevant here, the sentencing triad for assault with force likely to produce GBI is two, three, or four years. (§ 245, subd. (a)(4).) For a gang enhancement allegation, section 186.22 subdivision (b)(1) forth a series of increasing terms of imprisonment based upon the seriousness of the

---

2 "The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements." (§ 1170.1, subd. (a).)

underlying crime for which a defendant is convicted.  If the underlying crime is an ordinary felony, the sentencing triad is two, three, or four years.  (§ 186.22, subd. (b)(1)(A).)  If the crime is a serious felony, as defined in subdivision (c) of section 1192.7,[3] "the person shall be punished by an additional term of five years."  (§ 186.22, subd. (b)(1)(B).)

Here, the court did not state how it calculated the nine-year maximum penalty.  The parties to this appeal posit that the court must have elected to aggregate the maximum term of Geovani's offenses, and then determine the principal term for the first assault offense to be the middle term of three years under section 245, plus five years for the gang enhancement for a serious felony under section 186.22, and a subordinate term of one year (or one-third the middle term of three years) for the second assault offense.  Because the principal assault offense is not a "serious felony" under section 1192.7, subdivision (c), the court erred in stating the maximum term of confinement was five years for the gang enhancement.  It should have used the midterm of an "ordinary felony," which is three years.  (§ 186.22, subd. (b)(1)(A).)  Deducting the excess two years, Geovani's maximum term of confinement should have been seven years, not nine.

B.    Custody Credits

A juvenile court is required to calculate a ward's custody credits.  (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067, citing § 2900.5, subd. (d).)  A minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing.  (*Ibid.*, citing §

---

[3]    Section 1192.7, subdivision (c), lists 42 serious felonies, including "assault with intent to commit rape or robbery," "with a deadly weapon or instrument on a peace officer," "by a life prisoner on a noninmate," and "with a deadly weapon by an inmate."

2900.5, subd. (a).)  When a court aggregates the maximum term of confinement on multiple petitions, it "must also aggregate the predisposition custody credits attributable to those multiple petitions." (*In re Stephon L.* (2010) 181 Cal.App.4th 1227, 1232.)

Here, Geovani was in custody from November 18, 2021, until August 29, 2022, when the disposition hearing on the second petition was held.  Yet, the court awarded Geovani only 61 days of predisposition custody credits.  It failed to account for the entire time Geovani spent in custody before the disposition hearing.  Remand, therefore, is appropriate to remedy this miscalculation.

## DISPOSITION

The August 29, 2022, dispositional order is reversed in part.  The case is remanded with directions to recalculate the predisposition custody credits and the maximum aggregate term of confinement, and to amend the order accordingly.  Otherwise, the order is affirmed.


KELETY, J.

WE CONCUR:



DATO, Acting P. J.



CASTILLO, J.


6