[No. B156841. Second Dist., Div. Eight. Feb. 6, 2003.]

In re DAVID H., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DAVID H., Defendant and Appellant.

**COUNSEL**

Doris S. Browning, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General,

William T. Harter and Shawn McGahey Webb, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BOLAND, J.—**

### SUMMARY

Appellant David H. appeals from the juvenile court's order sustaining a petition under Welfare and Institutions Code section 602. He contends the court erred in calculating the maximum confinement time by including time for stayed counts of two previously sustained petitions. We agree.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 15, 2001, the People filed a Welfare and Institutions Code section 602 petition (current petition) alleging appellant escaped from a juvenile facility in July 2001. The petition notified appellant that the People sought to have him confined on all sustained counts of this petition and previously sustained petitions with detention time remaining. Appellant admitted the allegations of the petition, which the court found to be true.

The juvenile court maintained appellant's status as a ward of the court and committed him to the California Youth Authority. The court declared his maximum confinement term to be six years two months based upon an aggregation of terms for each count of four previously sustained petitions and a four-month term for the current petition.

### DISCUSSION

When a juvenile court sustains criminal violations resulting in an order of wardship (Welf. & Inst. Code, § 602), and removes a youth from the physical custody of his parent or custodian, it must specify the maximum confinement term, i.e., the maximum term of imprisonment an adult would receive for the same offense. (Welf. & Inst. Code, § 726.) ■ Welfare and Institutions Code section 726 permits the juvenile court, in its discretion, to aggregate terms, both on the basis of multiple counts, and on previously sustained section 602 petitions in computing the maximum confinement term. (*In re Adrian R.* (2000) 85 Cal.App.4th 448, 454 [102 Cal.Rptr.2d 173].) When aggregating multiple counts and previously sustained petitions, the maximum confinement term is calculated by adding the upper term for

the principal offense, plus one-third of the middle term for each of the remaining subordinate felonies or misdemeanors. (Welf. & Inst. Code, § 726; Pen. Code, § 1170.1, subd. (a); *In re Deborah C.* (1981) 30 Cal.3d 125, 140 [177 Cal.Rptr. 852, 635 P.2d 446].)

The juvenile court calculated appellant's maximum confinement term for the current petition as follows: the principal term of three years for count one of the previously sustained May 11, 1999 petition (May 1999 petition), plus subordinate terms of eight months for count two of the May 1999 petition, eight months for count one of the previously sustained November 14, 2000 petition (November 2000 petition), eight months for count two of the November 2000 petition, eight months for count two of the previously sustained December 15, 2000 petition, two months for count one of the previously sustained September 10, 2001 petition, and four months for the sole count of the current petition.

█  Appellant contends the juvenile court erred by including subordinate terms for count two of the May 1999 petition and count two of the November 2000 petition. He argues that because the courts adjudicating each of those prior petitions calculated the maximum confinement term on the basis of only one count, they must have intended to stay the sentence on the remaining count under Penal Code section 654, which prohibits punishment for two crimes arising from a single, indivisible course of conduct. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208 [23 Cal.Rptr.2d 144, 858 P.2d 611].) If all of the crimes were merely incidental to, or were the means of accomplishing or facilitating one objective, a defendant may be punished only once. (*Ibid.*) If, however, a defendant had several independent criminal objectives, he may be punished for each crime committed in pursuit of each objective, even though the crimes shared common acts or were parts of an otherwise indivisible course of conduct. (*People v. Harrison* (1989) 48 Cal.3d 321, 335 [256 Cal.Rptr. 401, 768 P.2d 1078].)

Resolution of appellant's contention requires a review of the history of the previously sustained May 1999 and November 2000 Welfare and Institutions Code section 602 petitions. The May 1999 petition included two counts. The first count alleged appellant violated Penal Code section 496, subdivision (a) by receiving a stolen Visa card. The second count alleged appellant violated Penal Code section 484e, subdivision (c) by retaining an access card with the intent to defraud and to use, sell, or transfer the card to someone other than its owner or issuer.[1] The court sustained the petition; declared the offense, without specification of count, was a felony; and ordered appellant suitably

---

[1] The probation report prepared in conjunction with the May 1999 petition indicates that both counts pertained to the same credit card.

placed for a maximum confinement term of three years. The sentencing range for count one was 16 months, two years, or three years. (Pen. Code, §§ 18, 496.) Because a violation of Penal Code section 484e, subdivision (c) constituted petty theft, the maximum confinement period for count two was six months.[2] (Pen. Code, §§ 484e, subd. (c), 490.)

The November 2000 petition also included two counts. The first count alleged appellant conspired to commit grand theft auto, while the second count alleged attempted grand theft auto.[3] Appellant pled no contest, and the court found the petition was true. It declared both counts were felonies and sent appellant to camp. The court calculated the maximum term of confinement at three years. The sentencing range for the first count was 16 months, two years, or three years, while the range on the second count was eight months, one year, or 18 months. (Pen. Code, §§ 18, 182, 489, 664.)

Applying the general presumption of correctness with respect to the maximum confinement terms declared by the courts presiding over proceedings stemming from the May 1999 and November 2000 petitions, we infer that the courts were aware of and made their calculations in keeping with the applicable law. (*People v. Coddington* (2000) 23 Cal.4th 529, 644 [97 Cal.Rptr.2d 528, 2 P.3d 1081], overruled on other grounds in *Price v. Superior Court* (2001) 25 Cal.4th 1046 [108 Cal.Rptr.2d 409, 25 P.3d 618].) Thus, the courts did not simply make up a term for each count in the petition and arrive at a total of three years. They necessarily applied the formula required by Welfare and Institutions Code section 726 and Penal Code section 1170.1, subdivision (a). With respect to each of the petitions, the formula would lead to a maximum confinement term in excess of three years if the court aggregated time for both counts in the petition. On the May 1999 petition, the maximum confinement term would be three years two months: three years as the principal term for count one, plus one-third of the six-month term, i.e., two months, as a subordinate term for count two. The court's calculation of a three-year maximum confinement necessarily indicates it did not include any time for the second count in the petition. Similarly, for the November 2000 petition, the maximum confinement term would be three years four months: three years as the principal term on count one or two, plus one-third of the one-year middle term, i.e., four months, as

[2]The juvenile court presiding over the current petition apparently believed a violation of Penal Code section 484e, subdivision (c), was subject to the 16 months, two years, or three years triad. In fact, it is a misdemeanor punishable by a maximum of six months. When aggregating a subordinate term for misdemeanor under Welfare and Institutions Code section 726, a juvenile court should add one-third of the maximum term for the misdemeanor. (*In re Deborah C., supra*, 30 Cal.3d at p. 140.)

[3]The probation report prepared in conjunction with the November 2000 petition indicates that each count pertained to a different car.

a subordinate term for the other count. The three-year maximum confinement term specified by the court reveals that it did not include any time for one of the two counts in the petition. Each court could permissibly do so if it either found one of the counts was subject to a Penal Code section 654 stay or, in its discretion, decided not to aggregate time for both counts, thereby effectively treating the terms on the two counts as concurrent. The minute orders do not reveal which explanation is correct, and the record on appeal does not include the reporter's transcript for proceedings on the May 1999 or November 2000 petitions.

In any event, it is clear the courts presiding over the May 1999 and November 2000 petitions determined the maximum confinement term for each petition should be based upon only one of the two counts. The courts had before them the facts regarding appellant's conduct, attitude and demeanor at or near the time of the charged criminal violations. The courts were properly entrusted with the sentencing-type decisions involved in determining appropriate dispositions and calculating the maximum confinement terms. Following the presumption of correctness, we accept their calculations as properly made, in accordance with the law.

Respondent has cited, and we have found, no authority permitting a later redetermination of the maximum confinement time for a previously sustained petition. Respondent cites *In re Adrian R., supra,* 85 Cal.App.4th 448, and *In re Ronnie P.* (1992) 10 Cal.App.4th 1079 [12 Cal.Rptr.2d 875], for the proposition that the juvenile court properly considers a youth's entire history and reexamines the entire dispositional picture each time the youth comes before it. The actions of the juvenile court in this case, however, went beyond considering the entire history or reexamining the "dispositional picture" to arrive at a suitable disposition. It effectively reached back into time and altered another court's conclusion regarding the maximum term of imprisonment that could be imposed upon an adult convicted of the same offenses. Neither of the cases cited by respondent involved alteration of a prior court's maximum confinement term calculation for a previously sustained petition. *In re Adrian R., supra,* 85 Cal.App.4th 448, addressed the juvenile court's power to place a youth in camp through the aggregation of a current sustained Welfare and Institutions Code section 602 petition for an offense punishable only by a fine with a prior sustained section 602 petition for an offense punishable by incarceration. The court did not recalculate the maximum confinement period established by the juvenile court adjudicating the original petition, but used that term as the maximum confinement period for the newly sustained petition. In *In re Ronnie P., supra,* 10 Cal.App.4th 1079, the court adjudicating a Welfare and Institutions Code section 777 petition imposed a previously "stayed" Youth Authority commitment in

response to a youth's escape from his prior placement. The appellate court found the evidence insufficient to sustain a section 777 petition and held the juvenile court erred by reflexively imposing a predetermined disposition without reviewing the entire dispositional picture. The court did not recalculate the maximum term of confinement for the prior sustained petition. Accordingly, neither of the cases cited by respondent authorizes the recalculation performed by the juvenile court in the present case.

Welfare and Institutions Code section 775, upon which respondent also relies, permits modification, at any time, of any order made by a juvenile court, but notice of an application for such a modification must be given. Even assuming that a calculation of a maximum confinement term for a previously adjudicated petition were subject to change under section 775, no application for a modification or notice of such an application appears in the record of this case. Accordingly, section 775 does not support the juvenile court's recalculation.

The applicability of Penal Code section 654 is properly determined by the juvenile court that adjudicates and sustains a petition against a youth. (*People v. Wiley* (1995) 9 Cal.4th 580, 590 [38 Cal.Rptr.2d 347, 889 P.2d 541].) The same must also be true of a court's discretionary decision whether to aggregate time on multiple sustained counts in calculating the maximum confinement term, as the evidence and circumstances pertinent to the exercise of the discretion are known to that court at that time. While a court adjudicating a subsequent petition must reexamine the "entire dispositional picture" to select an appropriate disposition, it lacks the firsthand view of the facts and circumstances supporting the earlier court's decisions and may not reevaluate the prior court's conclusions regarding the truth of prior petitions, the applicability of Penal Code section 654, or the appropriateness of aggregating time on multiple sustained counts in determining the maximum confinement time. While the later court has the power to impose a different disposition and aggregate unserved time from prior sustained petitions, it may not recalculate the maximum confinement time for a previously determined petition.

In the present case, the juvenile court's task was complicated by the absence of any indication in the orders pertaining to the May 1999 and November 2000 petitions that the judicial officers adjudicating those petitions found Penal Code section 654 applicable or decided not to aggregate time for each separate count in determining the maximum confinement term. However, by comparing the maximum confinement period against the result obtained by applying the formula required by Welfare and Institutions Code section 726 and Penal Code section 1170.1, subdivision (a), the court below

could easily have determined that it could not include separate terms for each count of those petitions. The court's error in including a separate term for each count requires that appellant's maximum term of confinement for the current petition be reduced by 16 months.

Given our conclusion that no time could be added for count two of the May 1999 petition, we need not address the error noted by respondent, i.e., that the court should have included only a two-month term for that count, not eight months.

### DISPOSITION

The maximum term of physical confinement is reduced to four years 10 months. In all other respects, the judgment is affirmed.

Cooper, P. J., and Rubin, J., concurred.