Filed 11/15/13  In re Cristian B. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re CRISTIAN B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F066784 |
| Plaintiff and Respondent, | (Super. Ct. No. JJD066663) |
| v. | |
| CRISTIAN B., | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Jennifer Shirk, Judge.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Clara M. Levers, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*] Before Gomes, Acting P.J., Detjen, J. and Peña, J.

-ooOoo-

Cristian B., a minor, appeals from an order of wardship pursuant to Welfare and Institutions Code section 602 upon a finding that he committed felony assault with a deadly weapon involving personal infliction of great bodily injury, felony elder abuse, and misdemeanor resisting arrest. Cristian contends the aggregate maximum term of confinement calculated by the juvenile court as part of its dispositional order violates Penal Code section 654.[1] Respondent concedes error in this regard. We find the concession is appropriate and modify the order to reflect proper application of section 654. As modified, the order is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 26, 2012, the Tulare County District Attorney filed a juvenile wardship petition under Welfare and Institutions Code section 602, subdivision (a), alleging Cristian had committed assault with a deadly weapon by means of force likely to produce great bodily injury (§ 245, subd. (a)(1); Count 1), personally inflicted great bodily injury (§ 12022.7, subd. (a)), and committed physical elder abuse with infliction of great bodily injury against a 90-year-old victim (§ 368, subd. (b)(1) & (2); Count 2). Counts 1 and 2 arose from events which occurred on December 22, 2012. The petition included a third count which alleged that Cristian willfully resisted, delayed, or obstructed a peace officer during a separate incident on November 10, 2012 (§ 148, subd. (a)(1); Count 3).

A jurisdictional hearing was held on January 18, 2013. Testimony was received from multiple witnesses including the victim identified in Counts 1 and 2 of the petition,

---

[1] Subsequent statutory references are to the Penal Code unless otherwise noted.

Marcos Cabrera.  Mr. Cabrera testified that he was 90 years old[2] and the owner of a bar/pool hall located in the city of Woodlake where the crimes were alleged to have occurred.

According to Mr. Cabrera, Cristian came into his establishment carrying a bottle of beer and proceeded to break a cue stick over one of the pool tables.  Mr. Cabrera told the minor that he was not old enough to be in the bar and ordered him to leave.  Cristian responded by striking Mr. Cabrera in the face with a piece of the broken pool cue.  The blow knocked Mr. Cabrera unconscious, broke one of his dentures, and caused a facial laceration that required five stitches.  The victim admitted on cross-examination that he had pushed Cristian while telling him to leave the bar.

Cristian did not take the stand at the jurisdictional hearing.  The only other witness who testified to seeing the physical altercation at Mr. Cabrera's bar was a man named Juventino Cisneros.  Mr. Cisneros' testimony was generally consistent with that of the victim, but differed on certain details.  Whereas the victim recalled only three people being present during the incident (himself, Cristian, and "a man that was watching TV"), Mr. Cisneros explained that he saw the minor enter the bar behind a fourth individual from whom he was trying to obtain a cigarette.

The minor picked up a cue stick and followed the other man in circles around the pool tables, continuing to ask for a cigarette.  Mr. Cabrera intervened and made physical contact with the minor as he instructed him to vacate the premises ("he tried to hug him to get him to leave").  The minor then broke the pool cue and struck Mr. Cabrera with part of the stick.

---

[2] Although Mr. Cabrera claimed to be 90 years of age, he stated under oath that his date of birth was October 7, 1923, which would have made him 89 at the time of the relevant events and proceedings.

Cristian's legal counsel attempted to argue a theory of self-defense, claiming the minor responded justifiably to the initiation of physical contact by Mr. Cabrera without intending to cause him serious harm. The juvenile court ruled there was insufficient evidence to support such a defense. All counts and special allegations contained in the petition were found true beyond a reasonable doubt.

A disposition hearing was held on February 11, 2013. The juvenile court found the welfare of the minor required his removal from the physical custody of his parent or guardian and declared Cristian a ward of the court. He was ordered committed to the Tulare County Youth Facility for 365 days.

It was further determined that the maximum amount of time Cristian could be confined for the offenses sustained in the petition was eight years and four months, less 51 days of credit for time served. The maximum period of confinement was apparently determined pursuant to the following calculation, as recommended by the probation department: the upper term of four years for felony assault with a deadly weapon under Count 1, plus three years for the great bodily injury enhancement under section 12022.7, subdivision (a), plus one year for felony elder abuse under Count 2 (representing one-third of the middle term), plus four months for misdemeanor resisting arrest under Count 3 (also representing one-third of the middle term).

The minor filed a timely notice of appeal on February 13, 2013.

## DISCUSSION

"When a juvenile court sustains criminal violations resulting in an order of wardship (Welf. & Inst. Code § 602), and removes a youth from the physical custody of his parent or custodian, it must specify the maximum confinement term, i.e., the maximum term of imprisonment an adult would receive for the same offense. (Welf. & Inst. Code, § 726, [subd. (d)].)" (*In re David. H.* (2003) 106 Cal.App.4th 1131, 1133 (*David H.*).) In doing so, the court may elect to aggregate the period of physical confinement on multiple counts or multiple petitions. (Welf. & Inst. Code, § 726, subd.

4.

(d).) When multiple counts are aggregated, the maximum period of confinement is calculated by adding the upper term for the principal offense, plus one-third of the middle term for each of the remaining subordinate felonies or misdemeanors. (*Ibid.*; § 1170.1, subd. (a); *David H.*, *supra*, at pp. 1133-1134.)

Cristian argues, and the Attorney General concedes, that the juvenile court erred in failing to apply section 654 in its calculation of his maximum term of confinement, specifically with respect to the elder abuse offense under Count 2. Section 654 generally prohibits the imposition of multiple punishments for offenses arising out of a single act or indivisible course of conduct. (§ 654, subd. (a); *People v. Hester* (2000) 22 Cal.4th 290, 294 (*Hester*).) The statute has been held to apply to juvenile court sentencing in relation to consecutive or aggregated terms calculated under Welfare and Institutions Code section 726. (*In re Michael B.* (1980) 28 Cal.3d 548, 556, fn. 3; *In re Asean D.* (1993) 14 Cal.App.4th 467, 474.)

The intent and objective behind the offender's behavior determines whether two crimes are part of an indivisible course of conduct for purposes of section 654. (*People v. Harrison* (1989) 48 Cal.3d 321, 335.) If two or more offenses were incident to a single criminal objective, only one of the offenses may be relied upon for purposes of calculating the maximum period of physical confinement. (*In re Joseph G.* (1995) 32 Cal.App.4th 1735, 1743-1744.) "When a trial court sentences a defendant to separate terms without making an express finding the defendant entertained separate objectives, the trial court is deemed to have made an implied finding each offense had a separate objective." (*People v. Islas* (2012) 210 Cal.App.4th 116, 129.) Such findings will be upheld on appeal if supported by substantial evidence. (*Ibid.*)

Here we are concerned with the crimes of assault and elder abuse. Assault is defined as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.) Physical elder abuse is broadly defined to include any act which, "under circumstances or conditions likely to produce great bodily

5.

harm or death, willfully causes or permits any elder or dependent adult to suffer, or inflicts thereon unjustifiable physical pain….” (§ 368, subd. (b)(1).) Cristian was found to have committed both physical elder abuse and assault with a deadly weapon by means of force that resulted in great bodily injury. However, the juvenile court made no express findings with regard to his intentions or objectives.

To the extent the juvenile court impliedly found that section 654 was not applicable to Counts 1 and 2, the record does not contain substantial evidence to support its conclusion. We agree with the parties that the infliction of injury upon Marcos Cabrera is the only conceivable intent and objective behind the conduct upon which Counts 1 and 2 are based. Although Cristian’s behavior violated more than one statute, the record does not support a finding that he harbored separate objectives for each offense.

“Errors in the applicability of section 654 are corrected on appeal regardless of whether the point was raised by objection in the trial court or assigned as error on appeal.” (*Hester*, *supra*, 22 Cal.4th at p. 295.) Despite the minor’s failure to raise the issue at the time of sentencing, the maximum period of physical confinement must be recalculated to account for the applicability of section 654 to Counts 1 and 2. Since the juvenile court selected Count 1 as the principal offense, the one-year term under Count 2 must be stricken, thereby reducing the maximum period of confinement to seven years and four months, less the 51 days of credit for time served.

## DISPOSITION

The dispositional order is modified to reduce the minor’s maximum term of confinement from eight years and four months to seven years and four months, less 51 days of pre-commitment credit. The juvenile court shall prepare an amended dispositional order and transmit it to the appropriate authorities. As modified, the judgment is affirmed in full.