Filed 3/26/14  In re C.W. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re C.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>C.W.,<br><br>　　　Defendant and Appellant. | A139693<br><br>(Contra Costa County Super. Ct. No. J1200876) |

## I.

## INTRODUCTION

C.W., a minor (appellant), appeals after the juvenile court sustained the allegation of a second supplemental juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)) (section 602) alleging that he committed misdemeanor vandalism.  (Pen. Code, § 594, subd. (b)(1)[1].)  Appellant also was charged with having violated the terms of his previous probation.  After admitting both offenses and being committed to a one-year program at the Orin Allen Youth Rehabilitation Facility (OAYRF), to be followed by a 90-day conditional parole period, the juvenile court imposed various terms and conditions of probation, and announced that the maximum period of confinement was two years four months.

---

[1]  All undesignated statutory references are to the Penal Code.

1

In this appeal, appellant contends that one of the probation conditions imposed was unconstitutionally vague, and must be modified. He also contends that the maximum commitment time pronounced by the juvenile court was incorrect, and should be recomputed. Respondent concedes the points. Accordingly, we order the challenged condition of probation to be modified, and set appellant's maximum commitment time at two years. In all other respects, we affirm the judgment.

## II.

## PROCEDURAL BACKGROUND[2]

The Contra Costa County District Attorney first filed a section 602 wardship petition in June 2012, alleging appellant committed felony grand theft (§ 487, subd. (c)). After the juvenile court granted the prosecution's motion to reduce the felony count to a misdemeanor, appellant pled no contest to the allegation. At the disposition hearing on October 31, 2012, the juvenile court adjudged appellant a ward of the court, and placed him on probation with various terms and conditions.

On January 29, 2013, a supplemental petition was filed alleging that appellant committed felony receiving stolen property (§ 496, subd. (d); count 1), possession of burglar's tools (§ 466; count 2), and possession of a drug pipe (Health & Saf. Code, § 11364; count 3). The petition subsequently was amended to add a fourth count; misdemeanor receiving stolen property (§ 496, subd. (d)). Appellant then admitted the three misdemeanors in counts 2, 3, and 4 in exchange for dismissal of count 1. The juvenile court continued appellant's wardship, and reinstated probation with juvenile electronic monitoring. The court awarded 13 days credit for time served, noting that appellant's remaining maximum period of confinement was two years, or more precisely, "1 year, 11 months, 17 days."

---

[2] Because the facts are not germane or necessary to a disposition of the issues raised on appeal, we omit a recitation of the factual bases for the various alleged violations contained in the three petitions filed against appellant, and in the notice of probation violation.

2

On June 28, 2013, a second supplemental petition alleged that appellant, by then 18 years old, had committed misdemeanor vandalism. (§ 594, subd. (b)(1).) Less than two months later, a notice of probation violation was filed alleging that appellant tested positive for use of illegal drugs.

On August 13, 2013, appellant admitted the second supplemental petition and the probation violation. He was advised at that time that he could be confined for "1 year, 11 months, 17 days." At the later dispositional hearing, the juvenile court committed appellant to OAYAF for a one-year regular program followed by a 90-day conditional release. The court imposed various terms of probation, including probation condition number 15 that "Minor not to use or possess any illegal drugs, drug paraphernalia, alcohol, and/or prescription drugs for which he does not have a current and valid prescription issued by a duly licensed physician." The disposition report calculated appellant's "aggregate custody time" as "2 years 4 months," and the juvenile court announced the same duration as the maximum period of confinement at the disposition hearing.

Appellant filed timely notice of appeal on September 4, 2013.

## III.

## DISCUSSION

### A. Review of Probation Condition

Appellant claims that probation condition number 15 is unconstitutionally vague due to the omission of a requirement that he *know* the substances prohibited by that condition are known to be illegal drugs, drug paraphernalia, alcohol, and/or unprescribed drugs.

" 'A probation condition is subject to the "void for vagueness" doctrine . . . .' [Citation.]" (*In re H.C.* (2009) 175 Cal.App.4th 1067, 1070.) " 'The underlying concern' " of the void for vagueness doctrine " 'is the core due process requirement of adequate *notice*: [¶] " 'No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids.' [Citations.]" ' [Citations.]" (*Ibid*., original italics;

3

accord, *In re Sheena K*. (2007) 40 Cal.4th 875, 890 (*Sheena K*.).) In sum, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*Sheena K*., *supra*, at p. 890.)

In *Sheena K*., the California Supreme Court held that a minor does not forfeit a claim that a term of his or her probation is unconstitutionally vague or overbroad even though counsel failed to object in the juvenile court. (40 Cal.4th at p. 879.) Thus, an appellate court can review a challenge to a "facial constitutional defect in the relevant probation condition" that is capable of correction without reference to the particular sentencing record developed in the trial court. (*Id*. at p. 887.)

Here, the juvenile court imposed a condition that appellant shall not "use or possess any illegal drugs, drug paraphernalia, alcohol, and/or prescription drugs for which he[] does not have a current and valid prescription issued by a duly licensed physician." Appellant claims that this condition does not comport with *Sheena K*.'s constitutional limitation imposed on such probation conditions, because probation condition number 15 "does not clearly require that he know that he is using or is in possession of these forbidden substances."

Respondent concedes the constitutional infirmity in this probation condition and has no objection to modifying it. Each side has suggested a slightly different way of modifying the condition. We order probation condition number 15 modified to read: "Minor is not knowingly to use or to possess any illegal drugs, drug paraphernalia, alcohol, and/or prescription drugs for which he does not have a current and valid prescription issued by a duly licensed physician."

### B. Error in Calculating the Maximum Term of Confinement and Custody Credits

Appellant next claims the court erred by announcing appellant's maximum term of confinement as "2 years 4 months," rather than two years. Though appellant did not raise

4

the issue to the juvenile court, the calculation of custody credits may be raised for the first time on appeal. (*In re Antwon R.* (2001) 87 Cal.App.4th 348, 350.)

"When a juvenile court sustains criminal violations resulting in an order of wardship ([§ 602]), and removes a youth from the physical custody of his parent or custodian, it must specify the maximum confinement term, i.e., the maximum term of imprisonment an adult would receive for the same offense. [Citation.]" (*In re David H.* (2003) 106 Cal.App.4th 1131, 1133; Cal. Rules of Court, rule 5.795(b).) Furthermore, "a minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing. [Citations.]" (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067.)

Respondent concedes the error, explaining that the two-year maximum period of confinement is calculated as follows: "a principal term of one year on the vandalism count, plus four-months each, or one-third the one-year term, on the grand theft and receiving stolen property counts—totaling one year eight months. Added to that term is four months, i.e., two months each on the burglar's tools and drug pipe counts. The total is two years, i.e., one year eight months plus four months."

Accordingly, the dispositional order must be amended to reflect that the maximum term of confinement is two years, and not two years four months.

## IV.

## DISPOSITION

The jurisdictional and dispositional orders are affirmed. Probation condition number 15 shall be modified as follows: "Minor is not knowingly to use or to possess any illegal drugs, drug paraphernalia, alcohol, and/or prescription drugs for which he does not have a current and valid prescription issued by a duly licensed physician."

Furthermore, the matter is remanded to the juvenile court with directions to amend the dispositional order to reflect the maximum term of confinement is two years.

_____

RUVOLO, P. J.

We concur:

_____

REARDON, J.

_____

HUMES, J.

A139693, *In re C.W.*