Filed 11/10/20  In re M.A. CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re M.A., a Person Coming Under the Juvenile Court Law. | H047949 (Santa Clara County Super. Ct. No. 19JV43606C) |
| THE PEOPLE, Plaintiff and Respondent, v. M.A., Defendant and Appellant. | |

The minor, M.A., admitted committing battery causing great bodily injury. Consistent with the minor's negotiated plea agreement, the juvenile court committed him to the Santa Clara County Juvenile Rehabilitation Facilities—Enhanced Ranch Program (the Ranch).  On appeal, the minor's counsel filed an opening brief in which no issues are raised and asked this court to independently review the record under *People v. Wende* (1979) 25 Cal.3d 436.  We sent a letter to the minor notifying him of his right to submit a written argument on his own behalf on appeal.  He did not do so.

Following our review of the record, we requested supplemental briefing regarding the minor's maximum term of confinement.  Finding no prejudicial error, we affirm.

# I.    BACKGROUND

## A.    *Factual Summary*

We take the facts from the probation officer's reports and the police report.

On January 15, 2020, the victim was attacked by several other male students in the bathroom at San Jose's Independence High School. A video of the incident showed the minor, then 17 years old, kicking the victim three to four times and punching him six to seven times. The victim was treated at the hospital for a broken nose, a concussion, cuts to his lips and the inside of his mouth, a laceration to his left cheek, and multiple contusions to his head and torso. The minor was arrested and transported to Juvenile Hall on January 17, 2020.

## B.    *Procedural History*

On September 13, 2019, the juvenile court sustained a prior Welfare and Institutions Code section 602, subdivision (a) petition which alleged that the minor had violated Penal Code sections 422, subdivision (a)[1] (misdemeanor criminal threats); 594, subdivision (b)(1) (felony vandalism causing $400 or more of damage); and 243, subdivision (a) (misdemeanor battery).

On January 22, 2020, the Santa Clara County District Attorney filed a petition under Welfare and Institutions Code section 602, subdivision (a) alleging that the minor had committed assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)). On February 20, 2020, the juvenile court granted the prosecutor's motion to amend the petition to allege a second count—battery causing great bodily injury (§ 243, subd. (d)), a felony. That same day, pursuant to a negotiated plea agreement, the minor admitted the newly added count and agreed to no deferred entry of judgment (DEJ) and to pay victim restitution in exchange for the dismissal of count 1 and placement at the Ranch for six to eight months. On the plea waiver form, the minor initialed the box next

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

to the statement: "Together with my prior offenses, my maximum custody time is: 5 years 0 months." The court accepted the admission, found the count 2 allegation true, and sustained the petition as a felony.

The minor moved to strike a victim impact statement submitted by the victim's sister. He also moved to strike portions of the probation report discussing uncharged conduct—namely, two prior arrests that did not result in formal charges and a prior school disciplinary incident.

The juvenile court held a dispositional hearing on March 5, 2020. At that time, the court denied the motions to strike, continued the minor as a ward of the court, and ordered the minor committed to the Ranch for six to eight months. The court declared the maximum time the minor could be confined to be five years two months and awarded him 84 days of presentence credit. The minor timely appealed.

## II.  DISCUSSION

Noting the discrepancy between the maximum term of confinement set forth in the plea waiver form (five years) and the maximum term of confinement declared by the juvenile court (five years two months), we requested supplemental briefing as to the proper calculation and the impact of that discrepancy. The Attorney General filed a letter brief arguing that five years two months is the correct maximum term of confinement and that the maximum term specified in the plea waiver form was not binding on the court because it was not an integral part of the bargain. The Attorney General further argues that, at worst, the minor was misadvised as to the consequences of his plea and he forfeited any claim based on that misadvisement by failing to object below. Minor's counsel did not file a supplemental brief in response to our request. For the reasons discussed below, we agree with the Attorney General's positions.

First, the juvenile court correctly determined that the minor's maximum term of confinement to be five years two months. Welfare and Institutions Code section 726, subdivision (d)(1) provides that "[i]f the minor is removed from the physical custody of

3

his or her parent or guardian as the result of an order of wardship made pursuant to [s]ection 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court." The juvenile court may "elect[] to aggregate the period of physical confinement on . . . multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602 . . . ." (*Id*., subd. (d)(3).) "When aggregating multiple counts and previously sustained petitions, the maximum confinement term is calculated by adding the upper term for the principal offense, plus one-third of the middle term for each of the remaining subordinate felonies or misdemeanors. [Citations.]" (*In re David H*. (2003) 106 Cal.App.4th 1131, 1133-1134.)

Here, the juvenile court correctly calculated the minor's maximum confinement term to be five years two months as follows: the upper term of four years for battery causing great bodily injury (§ 243, subd. (d)); plus eight months (one third the middle term of two years) for felony vandalism (§§ 594, subd. (b)(1), 1170, subd. (h)); plus four months (one third the one-year term) for misdemeanor criminal threats (§ 422, subd. (a)); plus two months (one third the six-month term) for misdemeanor battery (§ 243, subd. (a)).

Next, we consider the impact of the discrepancy between the plea waiver form, which indicated a maximum custody time of five years, and the disposition order, which set the maximum custody time at five years two months. As an initial matter, we must determine whether the discrepancy represents "a mere misadvisement with regard to the consequences of [the] guilty plea [or] a violation of a plea agreement" because the nature of the error dictates its consequences. (*In re Moser* (1993) 6 Cal.4th 342, 354 (*Moser*).) "If a defendant was *not advised of the consequences of a plea*, the error is waived if not raised at or before sentencing, and if not waived is subject to harmless error analysis by

4

the sentencing court. [Citation.] If a *plea bargain is violated* through imposition of punishment exceeding the terms of the bargain, the error is waived by failure to object at sentencing if the court had advised the defendant of the right to withdraw the plea upon court withdrawal of plea approval (see Pen. Code, § 1192.5), but is not waived by failure to object and is not subject to harmless error analysis if that advisement was not given. [Citation.]" (*People v. DeFilippis* (1992) 9 Cal.App.4th 1876, 1879 (*DeFilippis*).)

The record contains no indication that maximum custody time was a term of the plea bargain. When the petition was amended to add count 2, the amended petition contained the following language: "NEGOTIATED DISPOSITION [¶] - Admit to Count 2 PC 243(d) FELONY [¶] - Dismiss Count 1 (PC 245(a)(4)) in view of Plea [¶] - RANCH 6-8 month program [¶] - NO DEJ [¶] - COP for victim . . . [¶] - Restitution joint and several with coparts." No mention of maximum confinement time was made. Likewise, in discussing the plea, the juvenile court described the agreement as follows: the petition is "being amended to a 243, subsection (d). The People are dismissing Count 1. It is my understanding the agreement will be then that [the minor] will be -- it will be a stipulated disposition to the ranch program, no DEJ as part of the D.A.'s consideration in reducing it from a 707([b]) offense, and he'll be ordered to do restitution as well or pay restitution." The minor agreed with that characterization of the agreement. Finally, no objection was made to the recitation of the maximum period of confinement at the dispositional hearing. On this record, we conclude that the maximum term of confinement was not a term of the plea bargain.

Instead, the plea waiver form's reference to a maximum period of confinement of five years constituted a misadvisement as a consequence of the plea. That error was not raised below and therefore is not preserved for appellate review. (*DeFilippis*, *supra*, Cal.App.4th at p. 1879.) Even if it had been preserved, the minor could not establish prejudice, which in this context means that he "would not have entered the plea of guilty had the trial court given a proper advisement." (*Moser*, *supra*, 6 Cal.4th at p. 352.) It is

5

not reasonably probable that the two-month difference between the misadvised maximum period of confinement and the actual maximum period of confinement would have impacted the minor's decision to accept the plea deal given the benefits of the bargain to the minor, including the dismissal of a Welfare and Institutions Code section 707, subdivision (b) offense.

## III.    DISPOSITION

The jurisdictional and dispositional orders are affirmed.

_____

ELIA, J.

WE CONCUR:

_____

PREMO, Acting P. J.

_____

DANNER, J.

H047949
*People v. M.A.*