Filed 5/24/21 In re A.M. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. A.M., Defendant and Appellant. | E076343 (Super.Ct.No. J286344) OPINION |

APPEAL from the Superior Court of San Bernardino County. Pamela P. King, Judge. Affirmed as modified.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

1

## FACTUAL AND PROCEDURAL HISTORY

### A.     PROCEDURAL HISTORY

On August 21, 2020, a juvenile wardship petition under Welfare and Institutions Code section 602 alleged that defendant and appellant A.M. (Minor) committed robbery under Penal Code section 211 (count 1); and assault by means of force likely to produce great bodily injury under Penal Code section 245, subdivision (a)(4) (count 2).

On October 6, 2020, pursuant to a negotiated plea agreement, Minor admitted that he committed assault by means of force likely to produce great bodily injury (count 2), in exchange for a dismissal on count 1 (robbery).  Moreover, the parties agreed that the maximum commitment time would be four years.  Thereafter, on the People's motion, the juvenile court dismissed the felony robbery allegation.

On October 22, 2020, after Minor's dispositional hearing, the juvenile court took the matter under submission.  On November 18, 2020, the juvenile court declared Minor a ward of the court and committed him to the Division of Juvenile Justice (DJJ) for a maximum confinement term of four years.

On December 18, 2020, minor filed a timely notice of appeal.

### B.     FACTUAL HISTORY

A summary of the facts is taken from the probation officer's report.

On August 12, 2020, police officers were dispatched to an attempted carjacking. When the officers arrived at the scene, they interviewed the victim.  The victim stated that around 5:00 a.m., he was outside raking when he was approached by three young males.  These young males struck the victim on his head twice.  The victim fell to the

ground and the three males kicked the victim repeatedly. While the victim was attempting to block the blows, the three males took the victim's cell phone and truck keys from the victim's pockets. The males then went to the victim's truck and started the engine. However, when a man came to the victim's aid and confronted the three males, they ran away.

Police officers located cameras that recorded the incident. The victim told the officers that he could identify the suspects, and that one of them remained in the area. The officers conducted a search and located Minor because he matched the victim's description of the first suspect. At a lineup, the victim identified Minor as the suspect who first struck the victim. The officers observed blood on Minor's shoes. The officers arrested Minor; he declined to make a statement.

## DISCUSSION

Minor contends that Welfare and Institutions Code section 731 (section 731), as amended by Senate Bill No. 823 (Sen. No. 823), limits the maximum term of a juvenile's confinement to the middle term to which an adult, who committed the same offense, would be subjected. Therefore, Minor's commitment should be reduced to three years. The People agree with Minor's contention. As will be discussed *post*, we agree with the parties.

Under Welfare and Institutions Code section 726, subdivision (d)(1), when a juvenile court removes a minor from the physical custody of his or her parent or guardian as a result of a wardship order, the court must specify the maximum time of confinement, which cannot exceed the maximum term of imprisonment to which an adult convicted of

3

the same offense would be subjected. (*In re Edward B.* (2017) 10 Cal.App.5th 1228, 1238; *In re David H.* (2003) 106 Cal.App.4th 1131, 1133.) On September 30, 2020, the Governor approved Sen. No. 823 and its provision went into effect. Sen. No. 823 amended section 731, subdivision (c). The amended section now limits the maximum term of confinement of a minor to DJJ to "the middle term of imprisonment that could be imposed upon an adult convicted of the same offense." (Stats. 2020, ch. 337, § 28, eff. Sept. 30, 2020.)

In this case, after Minor's disposition hearing on October 22, 2020, the juvenile court took the matter under submission to address Sen. No. 823 and to further review the record before pronouncing Minor's disposition. The court stated, "Counsel, you brought up the senate bill, which I have not reviewed recently. I would like to read it, and put this matter out a couple of days so I can do that and reach my final decision at that point in time in terms of appropriate disposition."

On November 18, 2020, the juvenile court committed Minor to the DJJ for a maximum term of confinement of four years. As noted above, Minor admitted committing assault by means of force likely to produce great bodily injury under Penal Code section 245, subdivision (a)(4). The court found that Minor's maximum term of confinement should be four years—which is the upper term of confinement for a violation of that section for an adult.

We agree with the parties that Minor is entitled to the benefit of Sen. No. 823, which amended section 731, subdivision (c). Here, the juvenile court issued its disposition on November 18, 2020. Two months prior, on September 30, 2020, Sen. No.

4

823 went into effect.  Pursuant to section 731, subdivision (c), which was in effect at the time of Minor's disposition, Minor's maximum term of confinement in the DJJ should be reduced from four years to three years, the middle term of imprisonment that could be imposed upon an adult convicted of assault by force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4).)

A remand for resentencing is unnecessary because when the court adjudged Minor to be a ward of the court, it specified a maximum time of confinement as required under Welfare and Institutions Code section 726, subdivision (d)(1).  (See *People v. Buycks* (2018) 5 Cal.5th 857, 896, fn. 15.)  Therefore, we will reduce minor's maximum time of confinement in the DJJ to the middle term of three years.

## DISPOSITION

Minor's maximum term of confinement is reduced from four years to three years under Sen. No. 823.  The juvenile court is directed to issue a new juvenile detention disposition order to make the revision, and to forward a certified copy to the appropriate authorities.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

RAMIREZ _____

P. J.

SLOUGH _____

J.