Filed 6/1/21  In re R.V. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re R.V., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>R.V.,<br><br>Defendant and Appellant. | F081404<br><br>(Super. Ct. No. JJD071717)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Tulare County.  John P. Bianco, Judge.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Robert Gezi and Julie A. Hokans, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

Appellant R.V., a minor who was born in 2004, admitted committing felony second degree robbery (Pen. Code, § 211). He further admitted personally using a firearm in the commission of the crime (Pen. Code, § 12022.53, subd. (b)). In May 2020, the juvenile court committed appellant to a long-term program of 24 months. The court set the maximum period of confinement at 16 years eight months.

Appellant subsequently filed a petition seeking to modify the disposition to a shorter program. Appellant highlighted both his improved behavior while in custody and concerns surrounding the coronavirus disease 2019 (COVID-19). The court denied the petition.

Appellant raises two issues on appeal. We reject his claim the juvenile court abused its discretion in denying his petition to modify the disposition.[1] However, we agree with the parties that appellant's maximum period of confinement must be reduced by four months. We direct the court to amend the disposition in that regard. In all other respects, the orders appealed from are affirmed.

---

[1] On July 7, 2020, appellant filed a notice of appeal. The following day, he filed his petition in the juvenile court seeking modification of the disposition. On July 28, 2020, the juvenile court heard and denied the motion to modify the disposition. On February 11, 2021, appellant filed in this court a motion to construe his notice of appeal as taken from the July 28, 2020, denial of his petition to reconsider the disposition. On February 22, 2021, this court granted that motion and we deemed the appeal, filed on July 7, 2020, to be taken from the July 28, 2020, denial of his petition to reconsider under Welfare and Institutions Code section 778.

## DISCUSSION

**I.      Appellant Has Forfeited His Claim The Juvenile Court Abused Its Discretion In Denying His Petition For Modification; In Any Event, The Claim Fails On Its Merits.**

Appellant contends the juvenile court abused its discretion because it failed to consider COVID-19 when denying his petition to modify the disposition.  He seeks a remand so the court can reconsider the petition.

### A.      Background.

On May 14, 2020, appellant was committed to juvenile hall for 24 months in a long-term program.  On July 8, 2020, he filed a petition in the juvenile court seeking a shorter program.  He emphasized his good behavior in the approximate six weeks he had been in the long-term program.  He also noted that on June 26, 2020, the local sheriff's office had announced that COVID-19 had broken out in the jail facilities, and 11 inmates had tested positive.  In his petition, appellant acknowledged that nothing showed COVID-19 had yet to infiltrate the juvenile detention facility.  However, he argued the court should "act now to reduce the in custody population and reduce the risk of widespread infection within the facility."

On July 28, 2020, the juvenile court conducted a hearing regarding the petition.  The court noted it had received the petition.  During the hearing, appellant's counsel made no additional arguments, but appellant personally read a letter to the court explaining why he wanted to "either be released into aftercare or have a shorter program."  Appellant acknowledged he had "messed up on probation" and he took "full responsibility" for his actions.  He explained he was "older and wiser," and he asserted he would "stay out of trouble" if released from custody.  He knew he needed to stay home, focus on school and avoid "bad influences" from the streets.

After appellant finished speaking, the juvenile court asked the attorneys if they had anything further to add.  Both declined.  The court explained why it believed a long-

3.

term program remained the proper disposition. The court noted appellant had previously been in a short-term program, but he had violated probation by not going to school. Appellant then "picked up a new very serious offense" when he "used a weapon to steal beer." The court stated appellant had been involved in gangs, and the long-term program would provide education on the negative effects of being involved in a gang. Finally, the court commented that appellant had not been attending school when he was in the aftercare program. The court stated it had "a little bit more control" with a long-term program to ensure appellant could move forward and graduate from high school. The court denied the petition.

### B.    Analysis.

Appellant argues the juvenile court abused its discretion because it failed to consider his concerns regarding COVID-19. He asks us to remand this matter so the juvenile court can reconsider his petition. In contrast, respondent contends appellant has forfeited any argument the court failed to consider COVID-19. In the alternative, respondent argues it is presumed the court considered that issue, and respondent asserts the court did not abuse its discretion.

We agree with respondent and we reject appellant's arguments. We conclude appellant has forfeited this claim; in any event, it also fails on the merits.

### 1.    This claim is forfeited.

We reject appellant's assertion that COVID-19 was the "main concern" of his petition seeking modification of the disposition. During oral argument, appellant did not raise COVID-19 as a possible ground for granting the petition. Instead, appellant focused on his changed behavior while in custody at juvenile hall. After appellant personally read his letter to the court, the judge asked appellant's counsel if she had anything to add. She did not raise any additional arguments. The juvenile court responded to the issue raised

4.

at the hearing. It denied the petition because it felt appellant needed more time in the long-term program to address his behavioral issues.

Under these circumstances, appellant has forfeited his claim the court failed to consider his COVID-19 argument. Appellant never asked the juvenile court during the hearing to comment on that issue. He did not alert the court he wanted that specific issue expressly discussed in open court, and he did not give the court an opportunity to correct a potential error. (*People v. Valdez* (2012) 55 Cal.4th 82, 143 [applying this standard in the context of a ruling on a motion to exclude evidence]; *People v. Ramos* (1997) 15 Cal.4th 1133, 1171 [applying this standard in the context of ruling on objections in limine].) Consequently, it is appropriate to invoke the forfeiture doctrine in this situation, and this claim fails. In any event, even if forfeiture did not occur, this claim also fails on the merits.

### 2. This claim fails on its merits.

Based on a "change of circumstance" or new evidence, a juvenile court may change, modify, or set aside any previous order. (Welf. & Inst. Code, § 778, subd. (a)(1).) In ruling on such a petition, the juvenile court should consider "whether there has been a substantial change in the circumstances warranting a modification or termination." (*In re Corey* (1964) 230 Cal.App.2d 813, 831.) An abuse of discretion standard is used to review a juvenile court's order denying modification. An abuse must be clearly established. (*In re Michael B.* (1992) 8 Cal.App.4th 1698, 1704; *In re Corey*, *supra*, 230 Cal.App.2d at p. 832.)

Even if forfeiture did not occur, appellant's claim fails on the merits. The court was justified to continue appellant in the long-term program.

Appellant's juvenile record started in 2018 when he admitted allegations of misdemeanor possession of a concealed firearm by a minor; misdemeanor battery; and misdemeanor manufacturing of a weapon. At the disposition hearing in September 2018,

5.

appellant was declared a ward of the court. He was placed on probation and ordered to reside in the home of his parents.

In December 2018, appellant admitted the following six violations of probation: (1) failing to contact the probation office to schedule an interview; (2) failing to obey his parents; (3) failing to keep the probation officer informed of his personal information; (4) failing to attend school regularly; (5) possessing a prohibited weapon; and (6) not abiding by curfew. The juvenile court continued appellant on probation in the custody of his parents. Appellant was placed on electronic monitoring.

On January 2, 2019 (about six days later), the district attorney filed a juvenile petition alleging appellant had committed misdemeanor vandalism by damaging and destroying the electronic monitor. The following day, appellant admitted that allegation. Later that month, the juvenile court again released appellant on electronic monitoring, ordered him to begin anger management counseling immediately, and a disposition hearing was set in February 2019. At the February disposition hearing, appellant represented he had enrolled in anger management counseling. The court placed appellant on probation to reside with his parents without electronic monitoring.

In June 2019, the district attorney filed another notice of the following four alleged violations of probation: (1) failure to attend school regularly; (2) failure to obey his parents; (3) failure to abide by curfew; and (4) failure to report to the probation office as ordered. The next day, appellant admitted the violations. Appellant was ordered to remain in custody pending disposition.

In June 2019, with disposition of the most recent probation violations above still pending, the district attorney filed another juvenile wardship petition. In July 2019, appellant admitted he had driven a motor vehicle under the influence of alcohol, and he had driven without a license. The court committed appellant to a short-term program for 180 days, with the aggregate maximum term of confinement set at two years two months.

In October 2019, appellant completed the short-term program. He was released to an aftercare program, subject to electronic monitoring. In November 2019, the district attorney filed another notice of the following five alleged probation violations: (1) failing to following the directions of probation and his parents; (2) failure to attend school regularly; (3) failure to abide by curfew; (4) failure to attend counseling; and (5) failure to keep probation advised of his whereabouts, and his current whereabouts were unknown. Later that same month, appellant admitted those probation violations. The juvenile court released him on home supervision.

In April 2020, the district attorney filed the wardship petition that resulted in appellant's placement in the long-term program. On the day that petition was filed, the juvenile court removed appellant from the home of his parents and ordered he remain in custody pending adjudication. Later that month, appellant admitted he had committed second degree robbery with a firearm enhancement. In May 2020, the court committed appellant to a long-term program in juvenile hall for 24 months. It was shortly thereafter when appellant filed his petition for modification of that disposition.

Based on appellant's record and his behavior, the juvenile court did not abuse its discretion in denying the petition. The court's concern was justified that appellant had not spent enough time in the long-term program. The court was clearly motivated to provide the care, treatment and guidance which was in appellant's best interest. The court also held him accountable for his past behavior.

Although the juvenile court did not expressly address COVID-19, that is not sufficient grounds to remand this matter for a further hearing. The COVID-19 issue had been raised in the written petition, which the court indicated it had received. It is reasonable to infer the court considered that issue before denying the petition. In any event, appellant acknowledged in his petition that COVID-19 had yet to infiltrate juvenile

hall.  Under these circumstances, the juvenile court acted well within its discretion in denying the petition.[2]

Based on this record, a manifest abuse of discretion is not present.  The court acted in appellant's best interest, and circumstances had not changed warranting a modification of the disposition.  (Welf. & Inst. Code, § 778, subd. (a)(1); *In re Corey*, *supra*, 230 Cal.App.2d at p. 831.)  Accordingly, we will not disturb the juvenile court's order, and this claim fails.

## II. Appellant's Maximum Period Of Confinement Must Be Reduced By Four Months.

The parties agree, as do we, that appellant's maximum period of confinement is erroneous.  The juvenile court set it at 16 years eight months.  It must be reduced by four months.

Appellant's 2020 second degree robbery (Pen. Code, § 211) was the principal offense used to calculate his maximum period of confinement.  Along with the firearm enhancement, the principal offense amounts to 15 years of confinement.  The probation report added subordinate terms to that principal term.  The subordinate terms came from the prior juvenile petitions.[3]  In adding the subordinate terms, the probation report made two errors.

First, the report incorrectly stated that appellant's 2018 misdemeanor violation of possessing a pistol, revolver or other firearm (Pen. Code, § 29610) carried a jail term of one year.  This was erroneous because the maximum period of confinement for that

---

[2]    In his briefing filed with this court, appellant cites statistics related to COVID-19 and its impact in Tulare County and the City of Visalia.  Those statistics do not demonstrate that the juvenile court abused its discretion.

[3]    When aggregating multiple counts and previously sustained petitions in a juvenile matter, "the maximum confinement term is calculated by adding the upper term for the principal offense, plus one-third of the middle term for each of the remaining subordinate felonies or misdemeanors."  (*In re David H.* (2003) 106 Cal.App.4th 1131, 1133–1134.)

misdemeanor was six months. (Pen. Code, § 19 [every misdemeanor offense is punishable by imprisonment in the county jail not exceeding six months if a different punishment is not prescribed by any other law]; Pen. Code § 29610 [no punishment is prescribed for this violation].) As a result, the maximum period of confinement appellant could receive for that subordinate term was two months, which represents one-third of the six-month sentence. The probation report improperly added four months for that subordinate term.

The probation report also made a mathematical error when adding up appellant's subordinate terms from his prior juvenile petitions. The report calculated a total of one year eight months. We agree with the parties the report incorrectly added two months to the maximum term of confinement.

When the two mistakes are rectified, respondent is correct that appellant's maximum period of confinement is 16 years *four* months, not 16 years *eight* months. We will direct the court to modify the disposition in that regard.

## DISPOSITION

We strike that portion of the juvenile court's disposition that set appellant's maximum period of confinement at 16 years eight months. The court shall amend its order to reflect that appellant has a maximum period of confinement of 16 years four months. The court shall have its corrected disposition order forwarded to any necessary authorities. In all other respects, the orders appealed from are affirmed.

LEVY, Acting P.J.

WE CONCUR:


POOCHIGIAN, J.


SNAUFFER, J.

9.