Filed 3/20/24  In re J.T. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re J.T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>J.T.,<br><br>      Defendant and Appellant. | A168847<br><br>(Napa County<br>Super. Ct. No. 202336752-01) |

Following J.T.'s admission to two counts of a lewd act upon a child, the juvenile court adjudged him a ward of the court, ordered him detained pending placement in a short-term residential treatment program, and placed him on probation with various terms and conditions.  We modify the dispositional order to include J.T.'s maximum term of confinement.  We otherwise affirm.

## I.  BACKGROUND

A delinquency petition (Welf. & Inst. Code, § 602, subd. (a)) filed on July 18, 2023, alleged J.T. committed eight counts of a lewd act upon a child (Pen. Code, § 288, subd. (a)) and two counts of oral copulation of a person

1

under eighteen (Pen. Code, § 287, subd. (b)(1)).[1]  As described in the subsequent probation report, J.T. and his family were having dinner at a friend's house when J.T.'s eight-year-old brother reportedly licked the friend's son's penis.  The brother revealed that J.T. "had been doing the same thing to him for over a year."  A social worker interviewed the brother and J.T.'s younger sister, the latter of whom said J.T. had also touched her genitals on multiple occasions.

At a hearing a few days later, the juvenile court appointed counsel for J.T.  Counsel waived the reading of the petition and the advisement of rights.  (§§ 633, 700.)  The court found the People had made a prima facie showing that J.T. met the requirements for jurisdiction under section 602, and it ordered him detained pursuant to California Rules of Court, rule 5.760(c)(1)(E), considering there were no other family members who could care for either J.T. or his siblings.

At an uncontested jurisdictional hearing on August 9, 2023, J.T. admitted to two counts of a lewd act upon a child.  (Pen. Code, § 288, subd. (a).)  Upon motion of the People, the juvenile court dismissed the remaining counts.  The court sustained the petition, finding J.T. to be a minor described by section 602.  It ordered a psychological evaluation of J.T. under Penal Code section 288.1 and set the dispositional hearing.

The probation report prepared for the dispositional hearing noted concerns that J.T. and his mother were minimizing his conduct.  Accordingly, the report recommended J.T. be detained in juvenile hall pending placement in a short-term residential program for sex offenders and be placed on probation subject to various terms and conditions.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

On the first day of the dispositional hearing on October 3, 2023, the juvenile court heard testimony from the psychiatrist who evaluated J.T. He testified that while he did not find "any pathology," and he concluded J.T. was unlikely to reoffend against his siblings, he was unable to complete a full assessment. He also acknowledged that J.T. "minimized the severity and frequency of his conduct," and he could not rule out a "high degree of unconscious denial."

At the continued dispositional hearing the next day, the juvenile court declared J.T. a ward of the court and adopted the recommendations of the probation officer with a few minor modifications. J.T.'s counsel did not object to any of the terms and conditions of his probation except for the condition that he be placed in a short-term residential treatment program for sex offenders.

## II. DISCUSSION

J.T.'s counsel has filed a brief setting forth the facts of the case but advising the court under the authority of *People v. Wende* (1979) 25 Cal.3d 436, disapproved on other grounds in *In re Sade C.* (1996) 13 Cal.4th 952, 959, no issues were found to argue on J.T.'s behalf. Counsel also apprised us in her declaration that she notified J.T. that he can file a supplemental brief with this court. No supplemental brief has been received.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, 119, we have independently reviewed the entire record and have found, generally speaking, there are no arguable issues. J.T. was represented by counsel throughout the proceedings. The juvenile court properly advised J.T. of his constitutional rights, and J.T. voluntarily waived them. His admissions were validly entered, and his counsel stipulated to a factual basis for his admissions. (*People v. Palmer* (2013) 58 Cal.4th 110, 118.) The court did not

3

abuse its discretion in ordering sex offender-specific short-term residential treatment for J.T. (*In re Darryl T.* (1978) 81 Cal.App.3d 874, 877, superseded by statute on other grounds as stated in *In re Dorothy B.* (1986) 182 Cal.App.3d 509, 518.) Counsel did not object to the other probation conditions, and they are not facially defective.[2] (*In re I.V.* (2017) 11 Cal.App.5th 249, 260–261.)

We note, however, that—although the juvenile court advised J.T. during the jurisdictional hearing that he could be confined for a maximum period of 8 years—when the court committed him to juvenile hall pending placement into a short-term residential treatment program at the dispositional hearing, it did not specify the minor's maximum term of confinement in either its oral pronouncement or its written order as required by law. (*In re David H.* (2003) 106 Cal.App.4th 1131, 1133; see § 726, subd. (d); Cal. Rules of Court, rule 5.795(b).) The court was correct that the maximum confinement term was 8 years. (§ 726, subd. (d)(1)–(3); Pen. Code, §§ 288, subd. (a), 1170.1, subd. (a).) We modify the dispositional order accordingly.

### III.   DISPOSITION

The October 4, 2023 dispositional order is modified to reflect that J.T.'s maximum period of confinement is 8 years. As so modified, the order is affirmed.

---

[2] The probation terms included paying restitution to the victims "in an amount to be determined." (§ 730.6, subds. (a)(1), (2)(B), (h); see *In re A.R.* (2022) 78 Cal.App.5th 184, 188–189 [section 730.6 does not prohibit a later restitution hearing].) We do not have a record of the hearing determining the final restitution amount.

LANGHORNE WILSON, J.

WE CONCUR:

BANKE, ACTING P. J.

CASTRO, J.*

A168847N

---

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.